SUSAN J. TOMPKINS ET AL. V. J. B. WILLIAMS ET AL.

No. 383.

1. **Separate Property of Married Woman—Burden of Proof.**—Where the husband, during the marriage, purchased land with funds in part the separate estate of the wife, and took the title in his own name alone, and afterwards the heirs of the wife brought suit for the land against persons claiming title thereto under the husband, the burden of proof was on plaintiffs to show the extent to which the wife's separate estate entered into the purchase.

2. **Same—Proof of Common Law.**—Proof that a certain State was a common-law State does not of itself suffice to show that the proceeds of a sale of the wife's lands there, when received there by the husband, became his separate property.

3. **Limitations—Adverse Possession.**—Where defendants' actual possession of the land, taken during their mother's life time, under an alleged parol gift from her, was then adverse to all the world, her death did not so change it as to render it, as against her other children claiming by inheritance, the possession of tenants in common, to be ascribed alone to the interest of the possessors as such tenants.

APPEAL from Denton.    Tried below before Hon. D. E. BARRETT.

*Alvin C. Owsley* and *W. O. Davis*, for appellants.—1.  The land having been purchased during marriage, and the title taken in the name of the husband, Anthony Hundley, in order for the plaintiffs to escape the presumption of law that such land was community property, it devolved upon them to show by clear and satisfactory proof that it was purchased with the separate funds of Elizabeth Hundley, his wife. Schmeltz v. Garey, 49 Texas, 61; Zorn v. Tarver, 45 Texas, 520; Browder v. Clemens, 61 Texas, 587; Pearce v. Jackson, 61 Texas, 644.

2.  The law of Kentucky may be shown by the reports of the Supreme Court of that State.    1 Greenl. on Ev., sec. 489, note 2; Inge v. Murphy, 10 Ala., 885.

3.  The adverse possession of the defendants having commenced during the life-time of Elizabeth Hundley, the defendants were not required at her death, or any time afterwards, to give notice that they intended to hold said premises in opposition to the plaintiffs, and a failure on the part of defendants to give such notice would not interrupt the running of the statute of limitation.

*Emory C. Smith* and *F. E. Piner*, for appellees.—1.  Anthony Hundley purchased the lands with the separate estate of his wife in his hands; and if he added funds of his own to the purchase money, and took the deed in his own name, a trust resulted to Elizabeth Hundley and her heirs; and because of the fiduciary relation existing between Anthony and Elizabeth Hundley at the time, the burden of proof is upon the heirs of Anthony Hundley, claiming the property under him, to show the amount of his funds in the purchase; and in case they fail

to discharge that burden, the whole of said lands thus purchased will be regarded as the separate property of Elizabeth. 1 Perry on Trusts, 2 ed., secs. 127, 128.

2. The Revised Statutes of Kentucky introduced by the plaintiff do not show that the law of marital rights in Kentucky is different from that in Texas, and it has not been proved as a fact that the laws of Kentucky are not the same as in Texas. Franks v. Hancock, 1 Posey's U. C., 554; Burton v. Anderson, 1 Texas, 93; Martin v. Payne, 11 Texas, 292; Armendiaz v. De la Serna, 40 Texas, 291.

3. The adverse possession of the defendants did not commence during the life-time of Elizabeth Hundley, and their possession of said lands would not be adverse to the plaintiffs, who were tenants in common with them, until they had given notice to plaintiffs that they were holding said premises adversely. Baily v. Trammel, 27 Texas, 317; Grumbles v. Grumbles, 17 Texas, 472; Moody v. Butler, 63 Texas, 210.

STEPHENS, ASSOCIATE JUSTICE.—In 1855 Anthony Hundley, with his wife Elizabeth and their two children, Susan J. and John S. Hundley, emigrated from the State of Kentucky, settled in Denton County, Texas, and purchased the land in controversy, taking the title in the name of Anthony Hundley. A short time before leaving Kentucky, Elizabeth Hundley sold a seventy acres tract of land, her separate property, the proceeds of which sale were received by her husband and partly used in paying for the land acquired in Texas. She had been previously married to one Lanham, by whom she had two children, Addison Lanham and Mordecai Lanham. Addison and the descendants of Mordecai brought this suit as heirs of their mother against the two above named children of the second marriage to recover a half-interest in the land so acquired.

Elizabeth Hundley died in 1866 or 1867, and Anthony Hundley in 1879. Prior to her death, about the year 1862, Susan J., with her husband, G. W. Tompkins, took possession under an alleged verbal conveyance from her father and mother of a part of the land in dispute, and John S. Hundley in the same manner took possession of another portion thereof. They made improvements, and lived upon the land continuously thereafter.

The proof tended to show that the proceeds of personal property sold by Anthony Hundley before leaving Kentucky might have also been used to some extent in the purchase of this land.

Complaint is made of the following charge: "If you find from the evidence that the lands in controversy in this suit were purchased by Anthony Hundley with part of the proceeds of the sale of said Elizabeth's land in Kentucky, and if said Anthony Hundley put part of his own property or money arising from the sale of his individual property with the separate money of the said Elizabeth Hundley in

making such payment for these lands, then it devolves upon the defendants to define and show how much of Anthony Hundley's own money he used in paying for said lands; and if you are unable to determine this from the evidence, then you will find that the land in controversy was the separate property of Elizabeth Hundley."

We are of opinion that this charge did not state the law correctly. We do not understand it to be incumbent upon the husband as having the management and control of his wife's separate property to keep it separate and distinct from his own or community property, at the risk of losing whatever may become mixed therewith. On the contrary, we believe it to be the settled rule in Texas that the burden rests upon him who seeks to recover from one holding under a title taken in the name of the husband pending the marriage, on the ground that the separate estate of the wife was used in the purchase, to show, if the land was not all paid for in that way, the extent to which her separate estate was so used. This error in the charge will require a reversal of the judgment.

Appellants further contend, that by virtue of the Kentucky law, when the husband received the proceeds of the sale of the wife's land, the same became his separate property. The only proof of the law of Kentucky bearing upon this question found in the record is, that it was a common-law State, which proof we think does not sustain this contention. We do not, therefore, feel called upon to construe statutes of Kentucky of which no proof was made on the trial, as we presume the court will be fully capable of doing that upon another trial, should such proof be made.

Complaint is made of the charge on the issue of limitation, in that it required the jury to find, that "the possession of said Tompkins and wife and said John S. Hundley would not be adverse to the plaintiffs until the defendants had given notice to the plaintiffs in some definite and unequivocal manner that they intended to hold said premises in opposition to the plaintiffs." This charge was evidently given on the theory that, as tenants in common, the possession of appellants would be ascribed to their interests in the land, rather than to an adverse holding, in the absence of notice of such hostile intention brought home to their cotenants. Inasmuch as this actual possession began during the life-time of their mother, and as the evidence was conflicting as to its adverse character both before and after her death, we are of opinion that the charge erroneously withdrew from the jury the consideration of the character of that possession arising out of facts existing prior to her death. If it was adverse before appellees by inheritence from their mother became tenants in common, it seems to us that that event would not change its character.

We will not consider the errors assigned to the charge and verdict on the issue of improvements and rents, as we can not well anticipate

the proof which another trial may develop. We find in this record no evidence that the value of the land was enhanced by the improvements, but rather to the contrary, and for that reason do not see how appellant can complain that the claim for improvements was offset by the claim for rents. We suggest that the statute on that subject is perhaps not entirely applicable to a partition proceeding between tenants in common, and that their respective rights can more appropriately be settled on principles of equity. Cassin v. La Salle Co., 1 Civ. App., 127, and cases there cited.

The seventeenth assignment, which is interpreted by the brief of appellants to raise the issue of stale demand, is too general to require consideration. In view of other defenses available, we do not deem that question of sufficient importance in this case to demand an expression of our views upon its applicability.

The judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 7, 1894.

This case did not reach the Reporter in its order.