### S. J. HENRY, GUARDIAN, v. H. E. VAUGHAN ET AL.

Decided May 25, 1907.

**1.—Community Property—Presumption.**

The presumption is that property acquired during marriage is community property, and the burden rests upon him asserting the contrary to introduce evidence reasonably sufficient to overcome this presumption. Evidence considered, and held insufficient to show that the land in controversy was the separate property of a deceased father.

**2.—Suit on Community Debt—Parties.**

Inasmuch as the surviving partner of the community may convey community property in payment of a community debt, a sale of such property under a judgment for such debt against the survivor alone will pass the title to such property as against the children of the deceased spouse.

**3.—Letters as Evidence—Proof of Execution.**

It is not error to exclude letters and written agreements purporting to have been written by an agent in the absence of evidence of their execution, and that such person was in fact authorized to sign them.

Appeal from the District Court of Bowie County. Tried below before the Hon. P. A. Turner.

*S. J. Henry,* for appellant.

*Dan T. Leary,* for appellee.

BOOKHOUT, Associate Justice.—H. E. Vaughan instituted this suit in the usual form of trespass to try title to 212 acres of land in Bowie County against Artie and Bertis Brandenburg, minors, and F. D. and Mrs. Emma Butner. Butner and wife filed a disclaimer. The minors appeared by their guardian and answered by general demurrer, general denial, plea of not guilty and the statutes of limitation of three, five and ten years. By cross bill they sought to vacate and annul a certain judgment rendered in the District Court of Bowie County on the 5th day of April, 1901, in cause No. 4788 foreclosing a vendor's lien on the land in controversy in favor of P. T. Norwood, the plaintiff therein, and against Mrs. Emma Butner, et al, defendants therein, and in which Artie and Bertie Brandenburg and Harry Brandenburg, minors, were attempted to be made parties defendant in said cause. It was alleged that Harry Brandenburg died a few months after the

filing of that suit and while he was a minor. It was alleged that said judgment in cause No. 4788 was null and void as to said minors, for the reason it was rendered without any service of process upon them and that they never appeared or answered in said suit. The cross bill made Mrs. R. T. Norwood sole executrix of the estate of P. T. Norwood, deceased, a party, and Mrs. Norwood for herself and as executrix of the estate of P. T. Norwood, answered in the case. At the close of the evidence the court instructed a verdict for plaintiff. Judgment accordingly followed on the verdict and the minors, Artie and Bertie Brandenburg, by their guardian, appeal.

The land was deeded by M. D. Tilson to Amos Brandenburg January 2, 1897, for the consideration, as recited in the deed, of $550, of which $250 was paid in cash and the balance was secured by a note for $300 due in one year, with ten per cent. per annum interest. The deed expressly retained a vendor's lien on the land to secure the payment of the note. This note was transferred before maturity to P. T. Norwood by M. D. Tilson without recourse. After the note matured, suit was instituted upon it by P. T. Norwood to recover on the note and for a foreclosure of the vendor's lien. Amos Brandenburg having died his widow, Mrs. Emma Brandenburg and his minor children, Artie, Bertie and Harry Brandenburg, were made defendants. Citation duly issued and the sheriff's return showed service on all the defendants. A guardian *ad litem* was appointed for the minors, who appeared upon the trial and stated that he declined to answer for the minors because he was informed they had not been served. Judgment was rendered in favor of plaintiff establishing the debt against the community estate and foreclosing the vendor's lien and ordering the land to be sold to pay the judgment. An order of sale issued by virtue of which the land was duly sold and bought in by P. T. Norwood. P. T. Norwood died and thereafter his heirs sold the land to the appellee Vaughan.

The evidence in this case showed that in the foreclosure suit of P. T. Norwood v. Mrs. Emma Brandenburg and the minors, Artie, Bertie and Harry Brandenburg, the citations were not in fact delivered to the minors in person but they were all delivered to their mother, Mrs. Emma Brandenburg. At the time the minors were of the respective ages of 8, 6 and 4 years, and living with their mother. The appellants sought to show by Mrs. Emma Butner, *nee* Brandenburg, that the 212 acres of land was the separate property of her former husband, Amos Brandenburg. She testified that Amos Brandenburg owned 80 acres of land in Missouri, upon which they lived and that it was purchased by him from the proceeds received by him from the sale of a farm in Indiana, which farm he received as the part of the division of his mother's homestead. That the 80 acres were bought for $2,500 and $1,600 paid from the proceeds of the Indiana farm. She testified that the 80 acres in Missouri were exchanged for the 212 acres in controversy. She further testified that she and her husband executed a deed to the 80 acres in Missouri to John Thorne.

This deed recited a consideration of $2,080. She reiterated that the property in controversy was received in exchange for the Missouri farm. She says the exchange was made through Booker Ellis and A. P. Evans. She does not give any of the details of the exchange. She says that the $250 expressed in the deed from Tilson to Amos Brandenburg was a loan by Booker Ellis to her husband to enable them to come to Texas. Neither Booker Ellis nor A. P. Evans testified in the case.

The evidence was insufficient to raise the issue that the land was the separate property of Amos Brandenburg. Mrs. Butner's testimony that the land in controversy was taken in exchange for the Missouri farm, is contradicted by the facts. That farm was conveyed by her and her husband to John Thorne from whom they had purchased it. The land in controversy was conveyed to Amos Brandenburg by M. D. Tilson, the consideration being recited in the deed. The fact that Mrs. Brandenburg and her husband executed a deed to the Missouri farm to John Thorne is inconsistent with her statement that the Missouri farm was given in exchange for the land in controversy. The recitations in the deed from M. D. Tilson to Amos Brandenburg are inconsistent with her statement that the land in controversy was received by him in exchange for other land. There is no evidence that Tilson was in any way connected with the conveyance of the Missouri farm, or that Thorne who purchased it had any connection with Tilson's conveyance of the land in controversy, to Amos Brandenburg. Tilson was not a witness in this case. The burden of showing that the land was the separate property of Amos Brandenburg was on appellant. The presumption is that it was community property. It was the duty of appellant to introduce evidence reasonably sufficient to overcome this presumption.

It does not become necessary for us to decide whether the irregularity in the service of process upon the minors in the suit No. 4788 of P. T. Norwood v. Mrs. Emma Brandenburg, et al. rendered the judgment therein void as to them or not. If void as to them they could not recover on their cross bill in this suit, unless the evidence showed that the land in controversy was the separate estate of their father. The property being community property of Mrs. Brandenburg and her husband, she, upon his death, acting fairly and freely, had the right to discharge the equitable incumbrance upon it by a conveyance of the property. Davis v. McCartney, 64 Texas, 585; Carter and Rust v. Connor, 60 Texas, 55. Having the right to convey the property to pay off the vendor's lien upon it, we are of the opinion that a judgment against her as survivor in a suit in which she was the sole defendant establishing a community debt against the property of herself and deceased husband and foreclosing a vendor's lien thereon, was binding upon the estate. And a sale made by virtue of an order of sale issued upon such judgment conveyed the title of the community property to the purchaser and was binding upon the minor heirs. Carter v. Connor, *supra;* Hollingsworth v. Davis, 62 Texas, 438; Brandenburg v. Norwood, 66 S. W. Rep., 587; Henry v.

McNew, 69 S. W. Rep., 213. The evidence being insufficient to raise the issue that the property, or any part of it, was the separate estate of Amos Brandenburg, the trial court was authorized to instruct a verdict.

Error is assigned to the action of the court in sustaining the exception of appellees to certain letters and agreements offered in evidence by appellant. The objection to these instruments was that there was no evidence of their execution, or that any of the parties whose names appear to the letters ever signed the same or that the parties who purported to act as agents of M. D. Tilson were his agents. The exception was sustained and the instruments excluded. There was no error in this ruling.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.