## BELL et al. v. PIRTLE.

### No. 4592.

Court of Civil Appeals of Texas. Texarkana.

Feb. 8, 1934.

F. A. Dale and Sam E. Neilson, both of Bonham, for appellants.

Cunningham & Lipscomb, of Bonham, for appellee.

SELLERS, Justice.

This suit was brought by J. A. Pirtle against Mrs. Hattie Bell, who is the surviving wife of E. H. (Earl) Bell, and also against their children whose names it will not be necessary here to give. The action is upon two vendor's lien notes which were executed by E. H. Bell in his lifetime as a part of the purchase price of a 61-acre tract of land in Fannin county. The land was community property of E. H. Bell and his wife, and was used as their homestead at the time of his death. The appellee further alleged:

"That since the execution and delivery of said notes and while E. H. Bell was occupying said land and premises as a homestead, he, E. H. Bell, died about the year 1927, leaving Hattie Bell as his surviving widow and the other defendants named herein as his only children. That there was no administration upon his estate and no necessity for administration as the land and premises hereinbefore described were a part of his homestead and not subject to the Probate Court of Fannin County.

"That after the death of said E. H. Bell, his widow, Hattie Bell, being unable to pay said indebtedness, as community survivor for herself and the other defendants herein, made, executed and delivered to plaintiff herein the said extension agreement in writing, making and extending the payment of said notes and the lien securing the same, making the maturity date of said notes November 26, 1930, and November 26, 1931, respectively."

The appellants denied generally the appellee's cause of action, and pleaded the four

years' statute of limitation in bar of said action, and specifically denied that Mrs. Hattie Bell executed and delivered to appellee a valid extension agreement extending the payment of said notes and the lien securing the same.

The trial was before the court without aid of a jury, and, after hearing the evidence, the court rendered judgment for the appellee for his debt with foreclosure of vendor's lien on the land involved, but did not render any personal judgment against appellants. At the request of appellants' attorney the court prepared and filed findings of fact and conclusions of law, to which no exceptions were reserved, and such findings are as follows:

"The Court finds that on November 26th, 1923, J. A. Pirtle conveyed the real estate involved in this controversy to Earl E. H. Bell, and as a part of the purchase price for said land, the said Earl (E. H.) Bell executed three promissory notes, constituting a vendor's lien on said land, each of said notes being for the sum of $550.00 and maturing as follows: Note No. 1 maturing on or before November 26th, 1924; note No. 2 maturing on or before November 26th, 1925, and note No. 3 maturing on or before November 26th, 1926, each of said notes being dated November 26th, 1923, and bearing interest at the rate of eight per cent. per annum.

"The Court further finds that at the time of the purchase of the land involved herein, and at the time of the execution of the notes described in the preceding paragraph, said Earl (E. H.) Bell, was a married man, the name of whose wife was Martha Bell, and who was also known as Hattie Bell, and the minor children whose names follow: Earl Bell, who was an adult at the time of the trial, Hulen Bell, Wyatt Bell, Harold Bell and Zelma Bell. There were also some adult children at the time of the purchase of the land involved herein and the execution of said notes.

"The Court further finds that the said Earl Bell (E. H.), died July 16th, 1927, and that there was no administration on his estate, and neither did his survivor qualify as community administrator.

"Prior to his death the said Earl (E. H.) Bell, had paid off Note No. 1 of the series of notes described in paragraph No. 1 hereof, and there was due and owing to the said J. A. Pirtle notes Nos. 2 and 3 of the series of notes above described.

"The Court further finds that on July 16th, 1930, the surviving widow, said Mrs. Hattie Bell, executed the extension agreement shown in the statement of facts as Exhibit ——, extending the time of the payment of the last two notes of the series of notes described in paragraph 1 hereof, and during the minority of five of her children.

"Conclusions of Law.

"The Court concludes as a matter of law that the surviving widow of Earl (E. H.) Bell was authorized in law to execute an extension of the indebtedness described in paragraph 1 of the Findings of Facts, and that a valid extension of said indebtedness was accomplished by the extension agreement dated July 16th, 1930, and binding upon the estate of herself and deceased husband."

The following is the extension agreement executed by Mrs. Hattie Bell:

"State of Texas, County of Fannin.

"Whereas E. H. Bell did on the 26th day of November, 1923, make, execute and deliver two promissory notes as follows: One for the sum of $550, due and payable on the 26th day of November, 1925; one for the sum of $550 due and payable on the 26th day of November, 1926, which said notes are secured by a vendor's lien retained in the deed executed by J. A. Pirtle and wife to said E. H. Bell, conveying the lands which are fully described in said deed, which is of record in Book —— page ——, of the records of Deeds of Fannin County, Texas, and reference is hereby expressly made to said instrument so recorded and the same is expressly made a part hereof.

"Whereas E. H. Bell, deceased, by his wife, Hattie Bell, now owner, is not now able to pay off and discharge said notes which are still owing and unpaid, and has applied to J. A. Pirtle, legal owner and holder of said notes, for an extension of the maturity of the time of payment of said notes.

"Now, Therefore with agreement Witnesseth: That E. H. Bell, deceased, by his wife, Hattie Bell, the maker and obligator of said notes and the said J. A. Pirtle, the legal owner and holder of said notes, have mutually agreed and contracted and do by these presents mutually agree and contract that the maturity time of payment of said notes shall be extended from the date of the original maturity as set out seriatim as follows: One note for the sum of $550 made due and payable on the 26th of November, 1930; one note for the sum of $550 due and payable on the 26th day of November, 1931, at which latter date the said notes respectively shall mature and become due and payable and not before.

"And it is further expressly agreed and stipulated that said indebtedness is just and said maker agreés to pay same at the extended date. And it is further agreed and stipulated that all rights and remedies, privileges, benefits originally conferred upon, retained or acquired by the holder of said notes, shall be and remain unimpaired and without change, alteration or diminution except only as to its extension of the maturity of said date.

"Witness our hands this 16th day of July, 1930.

"[Signed] Mrs. Hattie Bell."

"State of Texas, County of Fannin

"Before me, Jess A. Smith, a Notary Public in and for Fannin County, Texas, on this day personally appeared Mrs. Hattie Bell, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office the 16th day of July, 1930.

"Jess A. Smith,
"Notary Public, Fannin County, Texas."

■ As we understand appellants' assignments of error and the propositions thereunder, they raise but one question, and that is that the extension agreement executed by Mrs. Hattie Bell was void and of no effect to extend the date of payment of the notes sued upon for the reason that the instrument itself did not purport to be the act of Mrs. Hattie Bell as community survivor, and therefore the court should have sustained appellants' plea of limitation to appellee's cause of action. The Commission of Appeals to the Supreme Court of this state, in the case of W. C. Belcher Land Mortgage Co. v. Taylor et al., 212 S. W. 647, 649, held: "At the date of the execution of the note and deed in trust, the property in its entirety was subject to the vendor's lien. Mrs. Taylor, as tenant in common with her children, in order to protect her interest, as well as that of her children, and save the property from threatened foreclosure, had the right to extend the time of payment of the debt, and to this end was authorized to execute a deed in trust binding her interest, though homestead, and also the interest of her children."

In fact, we understand the law now to be that the surviving wife has the same rights with reference to the management, control, and disposition of the community property as the surviving husband has always had, subject to a loss of certain of those rights by a remarriage. Article 3678, R. C. S. And we do not understand appellants to contend the law to be otherwise.

■■ From the court's finding of facts and the extension agreement, it is clear that Mrs. Bell intended as effectively as she could to extend the time of payment of the two notes sued upon; that she was extending the time of payment of the two notes, because the notes were an obligation and liability upon her as well as her deceased husband. Neither can there now be, as above stated, any doubt as to her lawful authority to extend the time of payment of the notes. The only requirements as to the form of such an agreement is that it shall be in writing and acknowledged as in conveyances by deed. This instrument meets those requirements. The contention that the extension agreement is void in that it fails to recite that Mrs. Hattie Bell executed the same as community survivor, is, in our opinion, without merit. The law makes no requirement in such terms in order for the instrument to be binding upon both the survivor and the heirs. The point was first decided by Chief Justice Hemphill in the case of Jones' Adm'r v. Jones, 15 Tex. 143, and repeated again by the same noted jurist in Primm v. Barton, 18 Tex. 206. The court in the Jones Case, in passing upon the surviving husband's right to act in his own name or in his name as survivor, held: "Nor can it be said that the creditor has lost his right to satisfaction out of the ganancial property, for the reason that no administration has been taken out on the estate of the deceased wife, nor have her heirs been sued or their liabilities fixed, and that they are now protected by the Statute of Limitations. The ganancial estate remained in the hands of the surviving husband. As survivor he had competent authority to discharge the debts of the partnership; and whether the discharge of debts, or any act which he might lawfully do as survivor, be done in his own name simply, or in his name as survivor, is immaterial. The law, for the preservation of rights, would look to the substance and not the form. In fact no such form has been adopted in practice, nor is it essential that it should."

This same authority was followed by the Court of Civil Appeals of San Antonio in the case of Jones et al. v. Harris et al., 139 S. W. 69, wherein that court held that a deed executed by the survivor to pay debts of a community although the deed as executed made no mention of the grantor as being the community survivor was effective to pass the entire title to the land and the authorities

on the point are carefully reviewed in the opinion by Chief Justice Fly.

Finding that no error has been committed by the trial court, its judgment will in all things be affirmed.