**WILLIAMS et al. v. TOOKE et al.**

No. 5180.

Court of Civil Appeals of Texas. Texarkana.

March 7, 1938.

Rehearing Denied March 24, 1938.

D. B. Chapin, of San Antonio, Edward A. Brown, of Longview, and Tuck Chapin, of San Antonio, for appellants.

Turner, Rodgers & Winn, of Dallas, Wynne & Wynne, of Longview, Bromberg, Leftwich, Carrington & Gowan, of Dallas, Phillips, Trammell, Estes, Edwards & Orn and James & Connor, all of Fort Worth, Black & Graves, of Austin, T. L. Foster, Roy C. Ledbetter, Thos. R. Freeman, Chas.

B. Ellard, and Geo. W. Schmucker, all of Dallas, Frank F. Allen, of Fort Worth, Grover Sellers, of Dallas, Lee, Porter & Latham, Campbell & Leak, John T. Buckley, and James R. Curtis, all of Longview, J. W. Timmins and Walace Hawkins, both of Dallas, Bramlette & Levy, of Longview, Rufus S. Garrett and Edward R. Hudson, both of Fort Worth, Loftin V. Witcher, of Shreveport, La., S. J. Calloway, of Fort Worth, Abney & Caven, of Marshall, and Ramey, Calhoun & Marsh, of Tyler, for appellees.

HALL, Justice.

On November 4, 1933, appellants brought this suit against appellees in the district court of Gregg county to set aside and annul a judgment of the district court of Gregg county, No. 2985 on the docket of said court, rendered on December 12, 1918, wherein B. F. Phillips was plaintiff and appellants were defendants, foreclosing three certain vendor's lien notes given by Porter Williams to B. F. Phillips as part purchase price for a tract of land containing 102.26 acres, situated in Gregg county. This land is located in the East Texas oil field and has produced and still is producing large quantities of oil. Some of the appellants are the surviving wife and children of Porter Williams. As grounds for setting aside said judgment, appellants alleged: (1) "That the petition upon which it is based shows on its face that said Porter Williams had died within the administrative period, and it contains no allegation that there was no administration pending upon his estate and no necessity therefor existed;" (2) that the option of acceleration contained in said vendor's lien notes given by Porter Williams to B. F. Phillips as part of the purchase price for said land could not be exercised against Porter Williams' widow and minor children; (3) that such judgment was based upon confession of the guardian ad litem for said minor defendants (appellants); and (4) that "said judgment shows upon its face that there was no person before the court which authorized the court to render judgment foreclosing said vendor's lien."

Appellants also sued to cancel all transfers of this property or interests therein executed since the rendition of such judgment; for the right to redeem same from the vendor's lien; and for an accounting of the oil produced from said land. As further grounds for avoiding said judgment, appellants alleged that they were not served with citation in cause No. 2985; that the vendor's lien notes sued on had been paid. They also alleged fraud upon the part of Judge J. N. Campbell, their attorney and legal advisor, in conducting their case; and fraud in the purchase of the land at sheriff's sale by John T. Buckley.

Appellees answered by general denial, plea of not guilty, and alleged, further, that they were innocent purchasers for value without notice; that the judgment in cause No. 2985, sought to be set aside, was valid; that appellants' action was barred by the three, four, five, and ten years' statutes of limitation; that appellants' cause was barred by laches and lack of diligence; appellees also pleaded estoppel by reason of certain deeds executed by Susie Williams, surviving wife of Porter Williams, and one of the appellants, and her attorney in fact, covering all or a part of the land in controversy; and a disclaimer filed by attorneys for Susie Williams in a former suit covering all or part of the land in controversy. Appellees also alleged improvements in good faith; and some of the appellees pleaded in bar a judgment entered in the district court of Gregg county on March 9, 1932, covering a portion of the land in controversy. Certain parties intervened, setting up interests through Susie Williams and her children acquired after the rights of appellees had attached. We shall take no further notice of them for the reason that their rights are dependent upon the claims of Susie Williams and her children. The cause was tried to a jury on special issues. Upon verdict of the jury judgment was rendered for appellees, and appellants prosecute this appeal.

The record discloses that B. F. Phillips on March 14, 1917, conveyed to Porter Williams the land in controversy for a consideration of $785 cash and three vendor's lien notes, two for the sum of $250 each, and one for $300, due one, two, and three years, respectively, and containing an acceleration clause to be exercised at the option of the holder.

Porter Williams died December 11, 1917, intestate, and left surviving him his widow, Susie Williams, and eight minor children. As alleged by appellants, Phillips made demand on Susie Williams after Porter Williams' death, and after the first note had become due and was unpaid, for payment of the entire indebtedness evidenced by the three vendor's lien notes; and, upon being

refused payment by her, filed suit against her and the minor children on November 6, 1918, to foreclose his lien evidenced by said notes and subject the property here in controversy to the payment of same. The petition filed by Phillips for the foreclosure of said lien is too long to set out, so we shall summarize it as follows: It alleges the names and residences of the parties; their relation to Porter Williams, deceased, as his sole surviving heirs; the execution and delivery by Porter Williams of the notes, and the existence of a valid vendor's lien to secure their payment; that Phillips is the owner of said vendor's lien notes; that said notes contained an acceleration clause; and that he, Phillips, has exercised said option and declared all the notes due and payable. It alleged further demand and failure to pay said notes; that the defendants (appellants) are in possession of the land by inheritance and the same is subject to the indebtedness evidenced by said notes; that said notes provide for attorney's fees. Their prayer is for the establishment of the debt; foreclosure of the vendor's lien upon said land; and for an order of sale. The record reflects that this suit was filed within the four-year period after Porter Williams' death, and the original petition contains no allegation that no administration was pending on Porter Williams' estate and that none was necessary. It is admitted that there was no administration pending on Porter Williams' estate on the date of the filing of that suit, nor has any been taken out to this date. On December 12, 1918, a judgment in cause No. 2985 was rendered by the district court of Gregg county as follows:

"In the District Court of Gregg County, Texas,

"December 12th, A. D. 1918.

"B. F. Phillips vs. Susie Williams et al. No. 2985.

"On this day came on to be heard the above styled and numbered cause. Plaintiff appeared by his attorney. Defendant, Susie Williams, appeared by her attorney and by answer filed, and the other defendants, who are minors, having been duly cited to appear and answer this suit and J. N. Campbell, attorney at law, having been appointed by the court as guardian ad litem, to represent the true interests of said minors, appeared by their said guardian ad litem, and all parties announced ready for trial. Jury having been waived, all matters of fact, as well as of law, were sub-mitted to the court. The court having heard pleadings of the parties and the evidence offered, finds that plaintiff's cause of action is based upon three certain notes, liquidated demands, said notes being secured by the vendor's lien on the hereinafter described real estate; further that said three notes aggregate the principal sum of eight hundred dollars, the date of said notes being March 14th, 1917, and each note providing for ten per cent interest thereon from date until paid, said notes executed originally by Porter Williams and being payable to B. F. Phillips, or order, and the court finds, in this connection, that said notes are now the property of the said B. F. Phillips, plaintiff; and the court further finds that said notes contain a provision that ten per cent of the principal and interest due shall be added as attorneys fees, in the event suit should be filed thereon, and the court finds that it was necessary to file this suit; and the court further finds that each of said notes contains a provision that failure to pay same, or any installment of interest thereon, when due, shall give the holder of said notes the right to declare all of said series due, and the Court finds that the said plaintiff has elected to declare all of said notes due upon default in payment, which default it finds has occurred. The court further finds that the plaintiff is entitled to recover upon his said notes the said sum of eight hundred dollars, in the aggregate, together with ten per cent thereon from March 14th, 1917, to this date, and in addition, ten per cent additional upon the said sum of eight hundred dollars and the interest accrued, as aforesaid, as attorneys fees; the court further finds that plaintiff is entitled to have his lien on said land, as same has existed on same since March 14th, 1917, foreclosed, the said Susie Williams, by her answer having confessed said debt to be true and the amount thereof to be stated correctly, and the said J. N. Campbell, as guardian ad litem, having, for said minors, confessed that said debt is true and just and the amount thereof correctly stated.

"It is therefore ordered, adjudged and decreed that the plaintiff, B. F. Phillips, shall have and recover from said defendants, in the manner hereinafter stated, the said sum of eight hundred dollars, with ten per cent interest thereon from March 14th, 1917, and ten per cent additional on said sum of eight hundred dollars and said interest, as attorneys fees, same to be recovered out of the proceeds of the tract of land for which

said notes were given, same being described as follows, to-wit: (description omitted) And it is further ordered, adjudged and decreed that said lien on said land be and the same is hereby foreclosed, and the clerk of this court is directed to issue an order of sale, as provided for by law, which order of sale shall be addressed to the sheriff or any constable of Gregg County, commanding that said land be seized and levied on and advertised, as provided for and required by law, and that sale thereof ·be made, in accordance with law, and that from the proceeds of such sale, this judgment be paid, together with all court costs and expenses of such sale, the order of payment to be controlled by the statute covering such matters. And said order of sale shall direct the officer executing same to place the purchaser of said land in possession thereof in accordance with provisions of law. It is further ordered, adjudged and decreed that should said land bring, at such sale, more than enough to satisfy said debt and expenses incident to such sale, including court costs, that said excess shall be delivered to the clerk of this court, to be delivered by him to the parties entitled to receive same upon order of this court made and duly entered.

"It is further ordered, adjudged and decreed that whatever interest or interests the plaintiff, B. F. Phillips has acquired in and to said tract of land since March 14th, 1917, shall inure to the benefit of the said Porter Williams, his heirs and assigns, under the terms of the warranty deed executed by the said B. F. Phillips to the said Porter Williams on March 14th, 1917."

In due time order of sale was issued and the property was sold at public sale by the sheriff to John T. Buckley for $1,000 cash. Phillips received this money, less court costs and attorney's fees, and applied it on the indebtedness due him as part of the purchase price of said land. Buckley went into possession of this land and on March 28, 1919, sold same to A. R. Pilant. On October 17, 1919, Pilant sold same to C. C. Adams, and on February 10, 1926, Adams sold this property to Allen Tooke, the present owner of same. Tooke has conveyed leasehold interests and mineral interests in this land to various other persons who are appellees herein.

On the date the judgment in cause No. 2985 was entered, all of Porter Williams' children were minors, and when this cause was tried four of them were still minors. Appellants in their brief concede "that each of the defendants (appellees), as well as their predecessors in title back to and including Buckley, purchased said land or interests therein, in reliance upon the record title, believing that they were getting good title to the land, and had no actual notice whatever of the defects, if any, therein." It was agreed that all the taxes assessed against this land since 1921 until date of lawsuit had been paid by appellees or their predecessors in title before delinquency. It was also agreed "that each of the plaintiffs (appellants) would testify, if placed on the stand, that he or she had no actual knowledge, information or belief, that the judgment rendered in cause No. 2985 on December 12, 1918, was invalid, if it was, until so advised by D. B. Chapin, their attorney herein, in December, 1933." Appellants' first proposition is: "The court below should have entered a decree vacating said decree in said Phillips' suit, it being shown that said B. F. Phillips on March 14, 1917, conveyed the land involved to Porter Williams for the consideration of $785.00 in cash paid and three express lien notes aggregating $800.00 and retained in the deed and notes an express lien on said land to secure the payment of said purchase money notes, and that Porter Williams died on December 11, 1917, possessed of said land subject however, to payment of said purchase money notes and left surviving him as his heirs at law, the plaintiffs-appellants, and that said Phillips filed suit against said plaintiffs on the 6th day of November, 1918, in said district court to foreclose said vendor's lien on said land, and it not being alleged in said petition that said Porter Williams died intestate and that there was no administration pending on his estate, and that no necessity for an administration thereon existed, said district court had no jurisdiction over the subject matter of said suit, and said decree is void." It is, then, the contention of appellants that the judgment of December 12, 1918, in cause No. 2985 is an absolute nullity with no binding force or effect on any one for the reason it shows on its face that it was rendered by the district court of Gregg county during the four-year period next after the death of Porter Williams when, if an administration had been pending, the probate court of Gregg county had exclusive jurisdiction of said estate. Appellants concede in their brief that this proposition raises the controlling question in this case.

A "judgment" of a court had been defined to be: "The sentence of the law pronounced by the court upon the matter contained in the record." Blackstone. "The conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of the suit." Bouvier. "A judgment is the end of the law. Its rendition is the object for which jurisdiction is conferred and exercised. It is the power by means of which a liability is enforced against the debtor's property." Cor. Jur. vol. 33, p. 1051, § 2. In Halbert v. Alford, 16 S.W. 814, our Supreme Court, citing Bouvier and Freeman on Judgments, defines the "judgment" to be (page 815): "The decision or sentence of the law, pronounced by the court or other competent tribunal upon the matter contained in the record." In Freeman on Judgments (5th Ed.) vol. 1, § 1, it is said: "Every judgment directly enforces some right or suppresses some wrong, thereby producing the end sought by every humanely conceived law. Its incidental results, extending far beyond the time at which it is pronounced, and the parties whose rights it determines, attach themselves to property or to privies in blood or in estate, and continue in binding force and obligation for indefinite periods of time."

Every judgment of a court of competent jurisdiction carries with it the presumption of validity, unless vice appears on the face thereof or the record supporting it, and commands obedience of all parties bound by its terms and the respect of every other person. The law makes it thus, otherwise there would be no end to troublesome litigation. The admission in this record, to the effect that all appellees now owners and holders of interests in this tract of land are innocent purchasers for value without notice, except such notice as is reflected by the record in cause No. 2985, characterizes appellants' attack on said judgment as being, in effect, collateral, for the reason that the only notice of which they are charged is constructive and to constitute such knowledge the judgment must carry its own death warrant across its face. Or the circumstances surrounding its entry, as shown by the record, must be such as would cause a prudent person to make inquiry, which inquiry if pursued with reasonable diligence would reveal the vice in the judgment. We do not think the judgment in that case is shown to be void. It emanates from a court of general jurisdiction. No trial court in America has a broader or more general jurisdiction than a Texas district court. The district court of Gregg county in cause No. 2985, under authority of the Constitution, Vernon's Ann.St.Const. art. 5, § 8, had jurisdiction of the subject matter, the foreclosure of vendor's lien. Its judgment recited the appearance and answer of Susie Williams and service of citation upon the minors and the appointment by the court of Judge J. N. Campbell as guardian ad litem to represent them. It is true, as a general rule, that estates of decedents are placed in law under the control and supervision of the probate court, and claims against such estates must be presented to the officer appointed by the probate court to administer same, but this rule has well-recognized exceptions; and when one of these exceptions exists, then the district court has jurisdiction. In a suit of this character (to annul a judgment of a district court) the burden is on the plaintiff to plead and prove by clear and cogent evidence facts which remove the case from any exception to the general rule. If in fact the Phillips' vendor's lien notes were the only charge against the estate of Porter Williams, and no administration was pending, and it is admitted that none was pending, then it would not have been necessary to collect them through the probate court. As said in Faulkner v. Reed, Tex.Com.App., 241 S. W. 1002, expressly adopted by Supreme Court: "If a creditor wants to avoid an administration upon the estate of his deceased debtor and push his claim before the latter has been dead four years, he must show that his is the only claim against the estate. In that event, if he gets all the heirs in court, there is clearly no need of an administration." (Page 1006.) This rule applies where an appeal is taken from the judgment and the appellate court is favored with the statement of facts and a complete transcript of the instruments on file under the seal and certificate of the clerk. But where, as in this case, it is sought to set aside the judgment by a bill in equity after the lapse of many years since its rendition, after rights have been acquired and fixed under it, the law shifts the burden of proof to him who seeks its destruction and requires him to present strong and cogent evidence to overturn the presumption of its regularity and validity. The only evidence of irregularity was, (1) the testimony of Susie Williams and one of her children that no citation was served by

the sheriff; (2) the original petition of B. F. Phillips showing the absence of the allegation that there was no administration pending on the estate of Porter Williams and that there was no necessity therefor; and (3) the testimony of a deputy of the present district clerk to the effect that the file docket kept by the district clerk at the time cause No. 2985 was tried showed that only one pleading was filed, one original and nine copies of citation issued, and that plaintiff and defendant entered their appearance. This evidence was controverted by the testimony of D. S. Meredith, Sr., sheriff on the date the cause was tried, to the effect that he served Susie and her eight children, the return on citation showing service of Susie Williams and eight other persons by name of Williams, and the testimony of J. N. Campbell that Susie brought the copies of citation to him and requested him to look after her interest at the trial. That he was present at the trial and filed two answers, one for Susie and one as guardian ad litem for the minor children. In these circumstances, it is our opinion that appellants' testimony, at most, raised only an issue of fact to be determined by the jury, and in response to special issue No. 2 the jury found that Sheriff Meredith served citation on Susie and her eight children. No issue was submitted and none requested by appellants embodying the conflict between the clerk's file docket and Campbell's testimony in respect to filing two answers by him, and under the holding in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and Citizens' Nat. Bank of Brownwood v. Texas Compress Co., Tex.Civ.App., 294 S.W. 331, writ refused, this issue was either waived or is presumed to be found by the trial court in such way as to support the judgment herein. The clerk's file docket showed that no other pleadings for plaintiff or defendants were filed. The burden was upon appellants to show by affirmative proof that no other pleadings were filed in cause No. 2985 which would support the judgment entered therein. De Arment v. De Arment, Tex.Civ.App., 249 S.W. 1088; Austin v. First State Bank & Trust Co., Tex.Civ. App., 275 S.W. 156; Davies v. Texas Emp. Ins. Ass'n, Tex.Com.App., 16 S.W.2d 524. This they did not do. On the contrary, there is evidence in this record by J. N. Campbell to the effect that he filed two answers, one for Susie Williams and the other for her children. But regardless of the fact that the issues were, or were not,

submitted to the jury, it is our opinion that the evidence is insufficient to overcome the presumption raised by law of the regularity of the judgment entered in cause No. 2985. In Freeman on Judgments (5th Ed.) vol. 1, p. 819, § 383, it is said:

"To conclude from a mere want or insufficiency of jurisdiction recitals in the record of a court of general jurisdiction that jurisdiction was not actually acquired would be, in effect, to presume against the record, whereas it is a rule of general application that every intendment consistent with the record of such courts will be indulged to sustain their proceedings and judgments. The rule is that upon collateral attack of a domestic court of general jurisdiction the want of jurisdiction or invalidity of the judgment must affirmatively appear upon the record itself, and until the contrary appears it will be presumed that the court had jurisdiction. Nothing will be intended to be out of the jurisdiction of a court of general jurisdiction but that which expressly appears to be so. The absence from the record of the necessary jurisdictional facts, will not overcome the presumption of jurisdiction, and that papers which ought to have been included in the judgment-roll are missing therefrom is not enough to make it affirmatively appear that the court had no jurisdiction. In the absence, therefore, of any showing in the record either one way or the other, a presumption arises in favor of the validity of the judgment of a court of general jurisdiction, and the existence of all matters going to the power of the court or tribunal to render the judgment.

"Every fact will be presumed to have existed that was necessary to jurisdiction, over the subject matter or the parties."

Moreover, the original petition and judgment in cause No. 2985 shows conclusively that this was an action simply to foreclose a lien on land for purchase money. No personal judgment was sought by the petition and none given by the judgment. This lien was the highest type known to the law, and no claim could have had priority over it. Especially is this true with respect to a homestead, as this property was, according to allegations in appellants' petition. As said before, no administration was ever taken out on the estate of Porter Williams and the proof does not show any other debts due by his estate on the date of the rendition of the judgment in cause No. 2985. We think the case of Solomon v. Skinner, 82 Tex. 345, 18 S.W. 698, is

directly in point. That case involved an appeal from an order of dismissal of a cause of action against a widow and her children to foreclose a vendor's lien note. Judge Gaines in the course of the opinion states: "* * * It is true that under our probate system, as a general rule, a claim against the estate of a deceased person 'must be enforced through an administrator, and not by a suit directly against the heirs. This is the case, although the suit for the recovery of the debt be pending against the debtor at the time of his death. The statute authorizes the suit to be revived and prosecuted to judgment against the administrator, but the judgment must be certified to the county court for payment in due course of administration. But the case made by the petition under consideration is peculiar. We attach no importance to the allegation that there is no necessity for an administration. This is a conclusion of law, and seems consistent with the allegation of the insolvency of the estate. It may be that the property of the estate subject to be administered is not sufficient to justify the expenses of administration. But even that would not show that there exists no necessity for an administration. That condition exists when there are no debts against the estate. Possibly it may also exist when, in a suit like this, which is pending at the death of the intestate, the debt sought to be recovered is the only debt against the estate. But the petition contains no such allegation, and we need not determine that question. But the facts are averred which, if true, entitle the plaintiff to enforce the vendor's lien for the payment of her claim; and it is also averred that there is no administration existing upon the estate. The question, then, is, did the district court have power to proceed to judgment, and to order a sale of the land for the payment of the debt, without contravening the policy of our probate laws? These laws provide for the establishment of claims against the estate of a deceased person, and for their classification and payment in a certain prescribed order. Their purpose is mainly to protect creditors and the widow and minor children in their respective rights. Their respective priorities could not be pressed, if a creditor were entitled to enforce his claim, through the ordinary tribunals, which have jurisdiction of suits for the collection of debts. *But the plaintiff in this case, by her trial amendment, seeks only to subject the land to the payment of her debt, and her lien as to that land is superior to all other claims whatever. Why, then, subject her to the expense of forcing an administration upon the estate of her alleged debtor, of bringing in the administrator when appointed,* and then of taking her claim to the county court, to be enforced through the tedious and expensive process appropriate to that tribunal? In a suit like the present, there being no administrator to be made a party, and the creditors not being represented, their rights would probably not be affected. At all events, they could, at any time before the sale of the land under execution, arrest the proceedings by taking out letters of administration, and draw the enforcement of the claim to the county court. Even after sale, the administrator would be entitled to any surplus that should remain after discharging the debt. We think this is a case in which the remarks of the court in Patterson v. Allen, 50 Tex. 23, are applicable: 'The cases are numerous in which heirs have been allowed to sue without or notwithstanding administration, and *we think that when, by an account of the action of the heirs, no object is to be accomplished by administering, then administration, as against them, has also, become unnecessary.'* The defendants in this case could have caused letters of administration to issue had they so desired. They have not done so, and it is not perceived that administration is at all necessary to protect their rights.* No allowance which could be made to them would take priority over the claim of plaintiff as to the land which is sought to be subjected to the payment of her lien. If not in contravention of our laws relating to the estates of deceased persons, the plaintiff would have a clear right to the remedy sought in her trial amendment. The defendants hold the legal title to the land, and she has a lien upon it which she seeks to enforce in a court of equity. But for our statutes she would have an unquestionable right to such relief, and we are of opinion that in the present case they do not present an obstacle to her recovery, provided she proved the case alleged in her petition." (Italics ours.) Jones v. Hunt, Tex.Civ.App., 60 S.W.2d 1106, writ refused; Lauraine v. Masterson, Tex.Civ.App., 193 S.W. 708, writ refused; Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049, and authorities there cited. Based upon these authorities we conclude that the district court had undoubted jurisdiction to try that cause, and the judgment rendered therein is not void.

Appellants also contend that the trial court should have vacated the judgment in cause No. 2985 for the reason that it is based upon the confession of the guardian ad litem. It is true the judgment recites: "And J. N. Campbell as guardian ad litem, having, for said minors, confessed that said debt is true and that the amount thereof is correctly stated." If the judgment of cause No. 2985 had been rendered solely on the confession or admission of the guardian ad litem, and the record in this case showed that fact, then we would be inclined to agree that the judgment was voidable as to said minors, but such is not the case. The very judgment sought to be set aside states: "The court having heard the pleadings of the parties and the evidence offered, finds that plaintiffs' cause of action is based upon three certain notes, liquidated demands, said notes being secured by the vendor's lien on the hereinafter described real estate," etc. The three notes referred to were found among the papers of the case. In this connection the guardian ad litem, J. N. Campbell, testified: "I was personally present when the case (No. 2985) was tried and I required Judge Bramlette (attorney for plaintiff) to make strict proof of his lawsuit." No statement of facts in cause No. 2985 could be produced, so none of the testimony set out next above was disputed. In Hollis v. Dashiell, 52 Tex. 187, it is said: "Intervenors say that the judgment is void because based on the agreement of a guardian ad litem and an administrator, and not upon evidence adduced on any issue joined. This proposition cannot be maintained on authority, and has been expressly negatived by this court. (Gunter v. Fox, 51 Tex. 383.) It may be true that a guardian ad litem cannot consent to a judgment against the minor, or an administrator against the estate, so as to waive proof and that a judgment so obtained is erroneous; but, after examining such of the authorities cited by intervenors as are accessible to us at this place, we are satisfied that the judgment cannot be held void because it was agreed to as stated. (Bloom v. Burdick, 1 Hill (N.Y.) [130] 143 [37 Am.Dec. 299]; Porter's Heirs v. Robinson, 3 A.K.Marsh. [Ky.] 253 [13 Am.Dec. 153]; Tyler on Infancy, p. 206, citing Barber v. Graves, 18 Vt. 290; White v. Albertson, 3 Dev.Law 241 [14 N.C. 241, 22 Am.Dec. 719].)" In the case of Kerr v. Hume, Tex.Civ.App., 216 S.W. 908, the court had under consideration the validity

of a judgment, the contention being made that it was void because rendered in vacation. After stating the facts the court says (page 909): "The fact that it [the judgment] recites that the court considered the evidence taken in the hearing in vacation does not preclude the presumption that sufficient other facts were proved to sustain the judgment." The holding in the case last above cited was approved in Dowdle v. United States Fidelity & Guaranty Co., Tex.Com.App., 255 S.W. 388, expressly approved by Supreme Court; Chapman v. Sneed, 17 Tex. 428, 431; Owen v. Shaw, 20 Tex. 81; Cook v. Hancock, 20 Tex. 2. It is our opinion, then, that the judgment by its terms, and certainly with the supporting evidence, shows it was rendered upon testimony aside from the admission or confession of the guardian ad litem. There is nothing in the record that shows it was rendered alone on the admission or confession of the guardian ad litem. Therefore this contention is overruled.

But from the record as a whole, under the view we take of this case, the minors were not necessary parties to cause No. 2985. The property in controversy was conveyed to Porter Williams during his marriage to Susie Williams and the deed conveying same recited a consideration of $785 paid and the execution of three vendor's lien notes aggregating $800. This fact raised the presumption that the property was community and the burden rested upon appellants to overcome the presumption with satisfactory proof. Foster v. Christensen, Tex.Com. App., 67 S.W.2d 246; Tompkins v. Williams, 7 Tex.Civ.App. 602, 25 S.W. 158; Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494, writ refused; Mayor v. Breeding, Tex.Civ.App., 24 S.W.2d 542, writ refused; R.C.S. art. 4619, Vernon's Ann.Civ.St. art. 4619. Appellants realized this fact and introduced evidence which tended to establish that some portion of the land was inherited by Porter Williams and that part of the cash consideration therefor came from his separate funds. This testimony on the one hand, and the presumption of community character of the property on the other hand, raised an issue of fact for the determination of the jury. No such issue was given and none requested by appellants, therefore same was either waived or found by the court in support of the judgment herein. Ormsby v. Ratcliffe, supra. In this state of the record, the land in con-

troversy on the date of the purchase will be considered by us as community property of Porter Williams and his wife, Susie. On the death of Porter, the legal title to a one-half undivided interest therein passed to his children, subject to any community indebtedness against it. The vendor's lien notes held by Phillips and the lien securing same was certainly a charge on this land. And the suit by Phillips against Susie Williams, she being the survivor of the community, was legally sufficient without the joinder of the minor children to warrant the entry of the judgment in cause No. 2985. Clemmons v. McDowell, Tex.Com.App., 12 S.W. 2d 955, and cases there cited; Henry v. McNew, 29 Tex.Civ.App. 288, 69 S.W. 213, writ refused; R.C.S. art. 3678. In Stone v. Jackson, 109 Tex. 385, 210 S.W. 953, our Supreme Court said (page 955): "It is well settled that all the power to sell property belonging to the community estate, to pay community claims, which may be exercised by the regularly qualified survivor vests in the survivor who fails to qualify under our statutes; for failure to qualify in no wise restricts or limits a survivor's power to apply community assets to the discharge of community debts." This rule has been held to apply to the surviving widow. Bell v. Pirtle, Tex.Civ. App., 69 S.W.2d 476; Tilley v. Kangerga, Tex.Civ.App., 83 S.W.2d 787, writ refused. If the surviving widow alone can voluntarily alienate the community property of her and her deceased husband to pay community debts, we see no good reason why suit by a creditor, holding a valid claim secured by a vendor's lien on community property, could not be brought against the surviving wife alone and effect the same purpose. We think the following cases in substance hold such: Woodley v. Adams, 55 Tex. 526; White v. Waco Bldg. Ass'n, Tex.Civ.App., 31 S.W. 58, writ refused; Western Union Tel. Co. v. Kerr, 4 Tex.Civ. App. 280, 23 S.W. 564; Henry v. Vaughan, 46 Tex.Civ.App. 531, 103 S.W. 192, writ refused.

 Conceding for the moment that the judgment rendered in cause No. 2985 was void and insufficient to support the judicial sale at which John T. Buckley bought, still we think the judgment in this case must be upheld under the doctrine of recission. Unquestionably the superior title to the land in controversy was in B. F. Phillips at the time he brought suit against Susie Williams and her children to foreclose his lien and subject the property to the payment of the vendor's lien notes. And said notes being past-due and unpaid, he could have rescinded the executory contract of sale by him to Porter Williams and taken possession of the land. Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426; Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Thompson v. Robinson, 93 Tex. 165, 54 S.W. 243, 77 Am.St.Rep. 843. Buckley, who bought the land at sheriff's sale, furnished the money with which Phillips' vendor's lien notes were satisfied. Thus as respects the ownership of the vendor's lien and superior title, if the sale were void, Buckley replaced Phillips and succeeded to the same rights theretofore held by Phillips in regard to the right of rescission. Peters v. Clements, 46 Tex. 114; Brobst v. Brock, 10 Wall. 519, 19 L.Ed. 1002; Brown v. Canterbury, 101 Tex. 86, 104 S.W. 1055, 130 Am.St.Rep. 824; Hatton v. Lumber Co., 57 Tex.Civ. App. 478, 123 S.W. 163; Freeman on Void Judicial Sales, 3d Ed., p. 94, § 52; Tex. Jur., vol. 29, §§ 24 and 35. Buckley conveyed this land to Pilant, thereby exercising his right of rescission as owner of the superior title, if the sale were void, Buckley lant sold to Adams, and Adams sold to Tooke, the present owner. It is our opinion that the sale of this land by Buckley, the later transfers thereof by Pilant, Adams, and Tooke, and the mineral transfers by Tooke, all for value, under the record in this case, based upon the doctrine of rescission, unless inequitable, effectively passed the title to this land to the respective vendees. Scott & Carmody v. Canon, Tex.Com.App., 240 S.W. 304; Rooney v. Porch, Tex.Com.App., 239 S.W. 910; Evans v. Bentley, 9 Tex.Civ.App. 112, 29 S. W. 497, 36 S.W. 1070; Waggoner v. Tinney, 102 Tex. 254, 115 S.W. 1155. This is true irrespective of the fact that some of the appellants are still minors, for the reason that Phillips' rights respecting this land were not diminished nor were the rights of the minors increased by the death of Porter Williams. Thompson v. Robinson, supra.

 Appellants pleaded payment of the indebtedness due Phillips, but the record does not substantiate such allegation. They also alleged that the property, on account of the improvements placed thereon by them, was at the time of the sale to Buckley worth $4,000. The record does not substantiate this allegation. It was incumbent upon appellants both to plead and prove that it would be inequitable to permit either Buckley, Adams, or Tooke to rescind the original contract of purchase on the dates of their

respective sales of this land or mineral interests therein. This they failed to do. Stone Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544; Toler v. King, supra; Booty v. O'Connor, Tex.Civ.App., 287 S.W. 282.

In concluding this opinion, we feel constrained to quote from Fitch v. Boyer, 51 Tex. 336, the following: " * * * upon considerations of public policy and from the weight of authority, we deduce as the true rule the proposition, that a domestic judgment of a court of general jurisdiction upon a subject-matter within the ordinary scope of its powers and proceedings, is entitled to such absolute verity, that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence aliunde will not be admitted to contradict it."

All other assignments not discussed in this opinion have been carefully examined and are overruled.

The judgment is in all things affirmed.