**Ronald F. VILLALBA, Relator,**

v.

**The Honorable John L. FASHING, Judge of the County Court at Law No. 2 of El Paso County, Texas, Respondent.**

No. 08–96–00438–CV.

Court of Appeals of Texas,
El Paso.

April 17, 1997.

Rehearing Overruled May 21, 1997.

Colbert N. Coldwell, Guevara, Rebe, Bauman, Coldwell & Reedmen, L.L.P., El Paso, for Relator.

John L. Fashing, El Paso, Pro Se.

Gary B. Weiser, Lipson, Dallas & Weiser, J. Morgan Broaddus, III, Thomas Carlton Brown, Cory Haugland, James, Goldman & Haugland, P.C., El Paso, for Respondent.

Before LARSEN, McCLURE, and CHEW, JJ.

*OPINION*

CHEW, Justice.

This is an original proceeding in mandamus. Ronald Villalba, the Relator, the plaintiff in the underlying lawsuit, seeks a writ of mandamus from this Court directed against the Honorable John L. Fashing, Judge of County Court at Law No. 2 of El Paso County, Texas, the Respondent. Rudolph Automotive Corp. ("Rudolph") is the real party in interest. We conditionally grant.

## I. PROCEDURAL FACTS

On February 2, 1993, Villalba began an action against Service Lloyds Ins. Co. ("Lloyds") and Rudolph, in cause No. 93–1164, to appeal an adverse ruling by the Texas Workers' Compensation Commission and against Rudolph for retaliatory discharge, TEX.REV.CIV. STAT.ANN. art. 8307c, now TEX.LAB.CODE ANN. § 451.001 (Vernon 1996). On October 8, 1993, the trial court severed and split the case into three causes: (1) the workers' compensation appeal against Lloyds under the same cause number; (2) a bad-faith action against Lloyds under cause No. 93–11920; and (3) a retaliatory discharge claim against Rudolph under cause No. 93–11921. The trial court stayed the bad-faith action pending final disposition of the workers' compensation claim.

On February 21, 1994, Texas Commerce Bank—El Paso, N.A., a judgment creditor of Villalba, filed in all three causes its intervention for recovery of a $14,085.28 judgment. On June 22, 1995, the trial court mailed out a Notice of Intent to Dismiss for Want of Prosecution in connection with the wrongful discharge suit. All parties acknowledge that instead of sending the notice to Villalba's attorney, Colbert N. Coldwell, the court sent it to his cousin, who is also named Colbert Coldwell and who is a semi-retired attorney in El Paso (to make matters more confusing, the two Coldwells have state bar numbers only one digit apart).

The trial court, on July 28, 1995, signed an order dismissing the retaliatory discharge case, No. 93–11921. All parties agree that the court sent the dismissal notice to the semi-retired Colbert Coldwell, rather than to Colbert N. Coldwell, Villalba's attorney. Villalba and Lloyds tried the workers' compensation appeal, cause No. 93–1164, in November 1995.

On January 30, 1996, Villalba's attorney wrote a letter to Judge Fashing and requested a jury trial setting on the "case against Rudolph Automotive . . . ." The letter referenced "Villalba v. Service Lloyds Insurance Co. and Rudolph Automotive, Inc." and cause No. 93–1164, the number before severance. On February 27, 1996, the court entered a jury trial order and pretrial order in connection with the wrongful discharge suit, even though the orders referenced the workers' compensation appeal cause number. The trial court also set a Referral Order for Moderated Settlement Conference.

Villalba's attorney contacted Rudolph's attorney on February 29, 1996. During that conversation, Villalba's attorney testified, Rudolph's attorney told him that the retaliatory discharge suit had been dismissed for want of prosecution. On March 13, 1996, Villalba filed a Motion for Jury Trial Setting and Motion to Strike Dismissal for Want of Prosecution in the retaliatory discharge suit. Villalba filed a petition for a bill of review on March 13, 1996, which is numbered 96–986, seeking to reinstate the discharge suit. That Bill of Review is still pending.

On March 15, 1996, Rudolph filed a special appearance to object to jurisdiction on grounds that the trial court had dismissed the discharge suit on July 28, 1995. The trial court held a hearing July 25, 1996, and heard testimony from Villalba's attorney, Colbert N. Coldwell. Colbert N. Coldwell testified that he had received neither the notice of intent to dismiss the case nor the notice of dismissal. He did testify, however, that he had spoken with his cousin, Colbert Coldwell, over the phone, and was told that the latter Coldwell had received a "Notice to Dismiss in the case of *Villalba vs.* somebody." Colbert N. Coldwell then testified that after that phone conversation, he contacted the trial court, thinking the notice was in reference to the underlying workers' compensation appeal, cause No. 93–1164, then set for trial in November 1995. He testified that he spoke with someone at the court, received assurance that the workers' compensation appeal case was still set for trial, and he considered the matter settled.

After the hearing, the trial court entered an order dated August 20, 1996, decreeing the dismissal order final and granting the plea to the jurisdiction. On September 23, 1996, Villalba untimely filed a motion to reconsider, in which he also asked the trial court for a ruling on the petition for bill of review. The trial court denied the motion on October 24, 1996.

Villalba seeks a writ of mandamus directing the Respondent to grant Villalba a jury trial in the retaliatory discharge suit and to reinstate the cause on the trial court's active docket.

## II. STANDARD OF REVIEW

 Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)(orig.proceeding). The relator must have no other adequate remedy at law. *Id.* We will deny mandamus relief if a relator has another available, adequate remedy, usually appeal. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. We will issue a writ only in

situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989).

## III. APPLICATION OF LAW TO FACTS

■ We first must determine whether the trial court has jurisdiction to reinstate the dismissed cause. A party who does not have actual knowledge of a dismissal order within ninety days of the date the court signed the order cannot move for reinstatement. TEX. R.CIV.P. 306(a)(4); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex.1993)(per curiam).

Villalba argues that the dismissal order was not a final order disposing of all issues and parties and hence the trial court still has jurisdiction. He contends first that the order was not valid because the judge's signature on the order was rubber-stamped. Second, he argues that the order did not dispose of all parties and that it failed to tax costs. The question of parties and claims is dispositive.

■ Villalba argues that the trial court's dismissal order did not dispose of all parties and claims, specifically, the intervenor's claims. To be final, a judgment must dispose of all issues and parties in a case. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). A reviewing court applies different presumptions as to a judgment's finality depending on whether the judgment follows a trial on the merits or a summary or default judgment. After a trial on the merits, a reviewing court presumes the judgment is final. After a summary disposition or disposition by default, the reviewing court does not apply this presumption. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986)(orig.proceeding). A summary disposition that implicitly, but not explicitly, disposed of claims is not a final appealable judgment, and therefore, does not trigger the running of time to perfect appeal. See *Atchison v. Weingarten Realty Management Co.*, 916 S.W.2d 74, 76 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.), citing *Mafrige v. Ross*, 866 S.W.2d 590, 591–92 (Tex.1993).

Here, the dismissal order does not specifically mention the intervenor's plea.

Rudolph argues the dismissal order is final because it disposes of the intervenor's claim by necessary implication. It says that because the trial court dismissed the underlying action, which was a condition precedent to the bank's action, the order also dismissed the bank's action. It relies on *Walker v. Sharpe*, 807 S.W.2d 442 (Tex.App.—Corpus Christi 1991, no writ); *Velchoff v. Campbell*, 710 S.W.2d 613, 615 (Tex.App.—Dallas 1986, no writ); *Seureau v. Tanglewood Homes Ass'n, Inc.*, 694 S.W.2d 119, 120–21 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Griffith v. Geffen & Jacobsen, P.C.*, 693 S.W.2d 724, 727 (Tex.App.—Dallas 1985, no writ); and *Fenley v. Ogletree*, 277 S.W.2d 135, 149 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.). These cases predate Mafrige. They also deal, at most, with whether an order dismissed an ancillary claim unmentioned in the order. Here, the dismissal order fails to mention not an ancillary claim raised by Rudolph or Villalba, but rather a claim asserted by an intervening third party.

The Dallas Court in *Macarangal v. Andrews*, 838 S.W.2d 632, 634–35 (Tex.App.—Dallas 1992, orig. proceeding), held that a trial court's dismissal of an employee's tort action did not dispose of the insurance carrier's subrogation claim and thus the trial court retained jurisdiction to reinstate the employee's claim. There, the relators had asked the appellate court for a writ of mandamus ordering the trial court to vacate an order reinstating the cause because, they argued, the trial court had lost plenary jurisdiction and the reinstatement order was void. *Id.* at 633. There, the relators, as do the real parties in interest here, argued that the carrier's claim was derivative and thus that the trial court disposed of the carrier's claim by necessary implication. *Id.* at 634. The appellate court said, however, that although subrogation claim is derivative in nature, worker's compensation law in effect at the time authorized the carrier to bring suit against the third-party tortfeasor without joining the employee, thus the carrier could have asserted its claim against the relators

even in the absence of a suit by the real parties in interest. *Id.* at 635.

This Court in an unpublished summary judgment case found that a order was not final because it failed to dispose of a the defendant's third-party actions for contribution and indemnity. *Alarcon v. R.D. Werner Co.*, No. 08–95–00299–CV (Tex.App.—El Paso June 20, 1996, no writ)(not designated for publication). This Court relied, in part, on *Atchison v. Weingarten Realty Management Co.*, 916 S.W.2d 74 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.).

Rudolph also argues that because the bank had no claim against it, the bank could not have asserted a claim independently against Rudolph. Although the bank has no cause of action against Rudolph, it can assert its claim against Villalba independently. TEX.CIV. PRAC. & REM.CODE ANN. § 31.002(d)(Vernon 1986).

We find that the dismissal order failed to dispose of the intervening bank's claim and so was not a final order. Accordingly, the trial court maintains jurisdiction to reinstate the suit.

As to whether Villalba has an adequate remedy at law through his bill of review, a bill of review contemplates a judgment or order that has become final by reason of the expiration of the periods allowed for a motion for a new trial or appeal. See, e.g., *State v. 1985 Chevrolet Pickup Truck, VIN: 1GCEK14HLFS165672*, 778 S.W.2d 463, 464 (Tex.1989); 5 MCDONALD, TEXAS CIVIL PRACTICE § 29.6 (1992 ed.). It follows then that an interlocutory order does not start the clock for filing a motion for new trial, TEX. R.CIV.P. 329b, or for filing an appeal, TEX. R.APP.P. 41(a)(1). Accordingly, an interlocutory order is not a basis for a bill of review. See, e.g., *Gregory v. Lytton*, 422 S.W.2d 586, 591 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). The trial court's order not being final, in that it did not dispose of all parties and claims, a bill of review will not lie.

We conclude that the order of dismissal is not final, the trial court has jurisdiction to reinstate, and Villalba has no other adequate remedy. We are confident that the trial court will vacate its order of dismissal and reinstate the cause number 93–11921 in accordance with this opinion and the writ will issue only if it fails to do so.