In re WAL–MART STORES, INC.

No. 08–99–00257–CV.

Court of Appeals of Texas,
El Paso.

Jan. 6, 2000.

Eduardo Miranda, Ray, McChristian & Jeans, P.C., El Paso, for relator.

Carlos Carrasco, El Paso, Richard L. Bischoff, Law Office of Richard L. Bischoff, Canutillo, Yvonne Rangel, El Paso, for respondent.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *O P I N I O N*

ANN CRAWFORD McCLURE, Justice.

Wal–Mart Stores Inc., Relator (Wal–Mart), seeks mandamus relief to compel the 171st District Court of El Paso County to vacate its order setting the underlying case for trial and to cease exercising jurisdiction over the matter because the case has been dismissed for want of prosecution. We conditionally grant the writ of mandamus.

## FACTUAL SUMMARY

Mario, Hermelinda, and Andres Garcia, the Real Parties in Interest (the Garcias), filed a slip and fall premises liability case against Wal–Mart on July 21, 1995. On September 8, 1997, the trial court issued a notice of intent to dismiss for want of prosecution which was set for hearing on November 6, 1997 at 3:30 p.m. in the 171st District Court. Following the hearing, the court issued a "Dismissal Order for Want of Prosecution" containing a facsimile signature and mailed it to counsel for both parties on November 7, 1997. Although the record before us does not reflect precisely what occurred at the dismissal hearing, the trial court apparently determined that the case should be left on the docket. According to an affidavit by the Honorable Peter S. Peca, then-judge of the 171st District Court,[1] the court administrator[2] prepared the dismissal order by mistake and it was never his intent for the dismissal order to be issued or filed. When the error was discovered, Suzann Franco, court coordinator of the 171st District Court, notified counsel for the Garcias that a mistake had been made and the case had not been dismissed. She then called Ms. Banales and informed her that the case had been mistakenly "presented for dismissal" and that Judge Peca had instructed that it be "removed."[3] The dismissal order was never filed with the district clerk nor was it entered upon the minutes of the court. The trial court did not, however, enter a written order vacating its prior order nor did the Garcias file a motion to reinstate pursuant to Tex.R.Civ.P. 165a. Further, the court did not enter a

1. Judge Peca now serves as the judge of the recently created County Court at Law No. 7 of El Paso County.

2. It is unclear whether Judge Peca's reference to the court administrator is to Martha Banales, the Council of Judges' Administrator, or whether he is making reference to some other court personnel.

3. Ms. Franco uses the term "removed" in her affidavit but does not indicate whether she

pretrial order and assign the case a trial date as required by Rule 165a.

The docket sheet reflects no activity in the case other than a motion to compel mediation filed in January 1998 and discovery requests filed by the Garcias in May 1998. During this time period, Wal–Mart took the position that the case had been dismissed while the Garcias insisted that the dismissal order was a clerical error which did not have the effect of dismissing the case. On September 25, 1998, the Garcias filed a petition for bill of review in the 171st District Court seeking to set aside the dismissal. No disposition has been made in the bill of review proceeding.[4] On May 5, 1999, the Honorable Yvonne Rangel, successor judge of the 171st District Court, set the underlying case for trial and ordered a pretrial conference. Wal–Mart seeks mandamus relief to prevent the trial court from exercising jurisdiction over the cause.

## STATUS OF THE DISMISSAL ORDER

The determinative issues are whether the dismissal order operated to dismiss the case and whether it became a final judgment upon expiration of the court's plenary jurisdiction so that the trial court is precluded from exercising jurisdiction. The Garcias offer several arguments to demonstrate why the dismissal order is ineffective and constitutes nothing more than a clerical error which may be simply ignored:

- the trial court did not intend to dismiss the case and entered the order by mistake;

meant that Judge Peca had instructed that the case was to be removed from the dismissal docket or that the dismissal order was to be removed from the file. Unfortunately, the record does not explain the roles of Ms. Franco and Ms. Banales in the management of the dismissal docket.

4. We express no opinion concerning the merits of the bill of review action.

- the order is based upon a facsimile signature;
- the order was never filed of record; and
- the trial court corrected the error by orally stating that the case had not been dismissed.

They further argue that Wal–Mart has an adequate remedy in the form of a plea to the jurisdiction. We disagree.

### Standard of Review

 Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Villalba v. Fashing,* 951 S.W.2d 485, 487 (Tex.App.—El Paso 1997, orig. proceeding). The relator must have no other adequate remedy at law. *Id.* We will deny mandamus relief if a relator has another available, adequate remedy, usually appeal. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986); *Villalba,* 951 S.W.2d at 487. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Villalba,* 951 S.W.2d at 487. We will issue a writ only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989); *Villalba,* 951 S.W.2d at 487–88.

### Requirements of Rule 165a

A case may be dismissed for want of prosecution under Rule 165a for failure to appear or for non-compliance with time standards established by the trial court. Tex.R.Civ.P. 165a(1), (2). The rule further provides:

> At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all plead-

ings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a.

Tex.R.Civ.P. 165a(1).

Under Rule 165a, the "default" is to dismiss the case unless good cause is shown for it to be retained on the docket. Here, the trial court dismissed the case, albeit mistakenly and unintentionally, rather than retaining it on the docket. The trial court did not formally withdraw or set aside the order nor was the case ever reinstated pursuant to Rule 165a(3).

### No Intention to Dismiss

 The Garcias first assert, without benefit of authority, that the dismissal order is invalid because the trial court never intended to dismiss the case. Regardless of whether the dismissal order is the result of a mistake or administrative error, it is an order of the trial court which finally disposed of the case and it became a final judgment upon expiration of the trial court's plenary jurisdiction. *See Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989). When addressing errors made in judgments, the term "clerical error" has a specialized meaning. A clerical error, as opposed to a judicial error, ordinarily refers to some error made in the *entry* of an otherwise valid judgment which may then be corrected by judgment nunc pro tunc at any time. *See Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986); *In re Rollins Leasing, Inc.,* 987 S.W.2d 633, 636 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding); *America's Favorite Chicken Co. v. Galvan,* 897 S.W.2d 874, 876 (Tex. App.—San Antonio 1995, writ denied). Judicial errors, which are defined as an error in the *rendition* of judgment, may not be corrected after the trial court's

plenary jurisdiction expires. *See Escobar*, 711 S.W.2d at 231; *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970); *In re Rollins Leasing, Inc.*, 987 S.W.2d at 636; *America's Favorite Chicken Co.*, 897 S.W.2d at 876. Thus, even if the Garcias are correct that the dismissal order is a clerical error, it may not be merely disregarded but must be corrected. The record before us reveals no attempt by the Garcias to correct the dismissal order by judgment nunc pro tunc.[5] For our purposes here, we find the concepts of "clerical error" and "judicial error" to be irrelevant because we are not concerned with the trial court's ability to *correct* a final judgment but rather with its ability to set aside a dismissal order and reinstate the dismissed case after its plenary jurisdiction has expired.

### Validity of Facsimile Signature

We also disagree with the broad assertion that a Rule 165a dismissal order containing a facsimile signature is invalid. In the absence of a statute or rule prescribing the method for signing a dismissal order or judgment, a signature may be affixed in different ways, including by facsimile stamp. *See In re Barber*, 982 S.W.2d 364, 367 (Tex.1998). Rule 165a requires the trial court to issue a signed, dismissal order and give notice as provided by Rule 306a.[6] *See* Tex.R.Civ.P. 165a, 306a. Neither of these rules provides any direction as to the method of signing. Thus, under *Barber*, the trial court's signature may be affixed to a Rule 165a dismissal order by facsimile stamp provided it is done by a court clerk or other official who is under the judge's immediate authority and acting at the judge's direction. *See Barber*, 982 S.W.2d at 366–67. Although the Garcias do not explain their challenge to the validity of the facsimile signature, we can only assume they allege that the court administrator was either not under the trial judge's immediate authority or did not act at the judge's direction. Before considering the evidence in the record before us regarding these elements, we must address the issue of which party had the burden of establishing the validity or invalidity of the facsimile signature.

It is well established that public policy favors the validity of judgments.

5. We pause to note that in considering a motion for judgment nunc pro tunc, the court must not focus on what judgment *should* have been rendered but instead on what judgment was *actually* rendered. If the judgment entered is the same as the judgment rendered, regardless of whether the rendition is mistaken or otherwise incorrect, a trial court has no ability to correct the judgment by nunc pro tunc after its plenary jurisdiction expires. *See America's Favorite Chicken Co.*, 897 S.W.2d at 877 and cases cited therein. Judgment nunc pro tunc may be issued only if there is some evidence that the judgment the trial court actually rendered is not correctly represented in the judgment signed. *Id. citing Escobar*, 711 S.W.2d at 232. While a docket entry cannot substitute for a signed written order of reinstatement, it is some evidence of a rendered judgment and its contents for purposes of determining whether clerical or judicial error occurred. *Escobar*, 711 S.W.2d at 232. However, a judgment nunc pro tunc should be granted only if the evidence is clear and convincing that a clerical error was made. *Rollins Leasing Inc.*, 987 S.W.2d at 637. *But see Pedavoli v. General Motors Acceptance Corp.*, 722 S.W.2d 39, 41 (Tex.App.—Eastland

1986, no writ)(the failure to sign a written order within the time limitations prescribed in 165a, like those in 329b, is not a clerical error that can be corrected by judgment nunc pro tunc). As the issue is not before us, we express no opinion whether a judgment nunc pro tunc is a viable alternative here.

6. The record reveals that the Garcias received notice of the order of dismissal no later than January 8, 1998. Although this was the 31st day after the order was signed, the 30th day fell on Sunday, January 7. Accordingly, a motion to reinstate could have been filed as late as January 8. Further, assuming the Garcias had no notice prior to that date, the plenary power of the trial court could have been extended had the Garcias filed a motion pursuant to Rule 306a(5). They failed to do so. Rule 306a(4) is not self-implementing; unless the procedures of Rule 306a(5) are strictly followed, the trial court's plenary power is not restarted and a court lacks authority to reinstate a case more than thirty days after the order of dismissal is signed. *In re Montemayor*, 2 S.W.3d 542, 545–46 (Tex.App.—San Antonio 1999, orig. proceeding).

See *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 328 (1895); *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex.App.—Houston [14th Dist.] 1999, no pet. h.); *Bearden v. Texas Co.*, 41 S.W.2d 447, 456 (Tex.Civ.App.1931), *aff'd*, 60 S.W.2d 1031 (Tex.Comm.App.1933). Out of this public policy, a general presumption of validity is extended to the judgments of courts of general jurisdiction. *Vickery*, 5 S.W.3d at 251; *Williams v. Tooke*, 116 S.W.2d 1114, 1120 (Tex.Civ. App.—Texarkana 1938, writ dism'd). In the absence of this presumption, a court's judgment would have little import and "there would be no end to troublesome litigation." *Id., quoting Williams*, 116 S.W.2d at 1120. This same presumption must of necessity be applied to judgments and orders to which is affixed a facsimile signature. Given the presumption of validity, it follows that the party challenging the validity of such a judgment bears the burden of establishing the invalidity of the facsimile signature. Although Judge Peca stated that the dismissal order was prepared by mistake, there is no evidence to establish that the court administrator who prepared the order was not under the court's immediate authority and did not act at his direction in preparing the dismissal order. In fact, the evidence before us tends to show that court personnel mistakenly presented the case for dismissal and the court administrator prepared the dismissal order accordingly. Because it was never conclusively established in either the trial court or or this court that the facsimile signature is invalid, the dismissal order must be accorded the presumption of validity.

### Entry of Order Upon the Minutes of the Court

▆▆▆▆ The Garcias next argue, again without reference to any authority, that the dismissal order is invalid or simply does not exist because it has never been filed or entered upon the minutes of the court. According to Rule 165a, a party must be given notice of the signing of the order of dismissal as required by Tex. R.Civ.P. 306a. Neither rule requires that the dismissal order be filed or entered upon the minutes of the court before it is considered valid. Orders are not required to be filed with the clerk; they are signed by the judge and entered in the minutes of the court by the clerk. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980). Entry of an order is only a ministerial act of the clerk performed by the clerk after the judge has signed the order or judgment and is not a prerequisite to the finality or validity of an order. *Dunn v. County of Dallas*, 794 S.W.2d 560, 563 (Tex.App.— Dallas 1990, no writ); *see Walker*, 597 S.W.2d at 916.

### May Erroneous Order Be Orally Corrected?

▆▆▆▆ Finally, we consider whether the trial court corrected the error by orally stating that the case would not be dismissed. Rule 165a(3) requires that a case be reinstated by signed written order within seventy-five days after the judgment is signed. *Emerald Oaks Hotel/Conference Center, Inc.*, 776 S.W.2d at 578; *Intercity Management Corporation v. Chambers*, 820 S.W.2d 811, 812 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). Where there is a time limit on the court's jurisdiction, its order must be in writing, specific, and signed by the trial judge. *Walker*, 597 S.W.2d at 915. An oral pronouncement by the court reinstating the case, even when accompanied by a docket entry, is ordinarily inadequate to reinstate the case.[7] *Emerald Oaks*, 776 S.W.2d at 578; *Intercity Management*, 820 S.W.2d at 812. Because Judge Peca's oral ruling and instructions are ineffectual to reinstate the case, we conclude that the dismissal order became a final judgment upon expiration of the trial court's plenary jurisdiction.

7. There is no pertinent docket entry here.

### Adequate Remedy

The Garcias also challenge the ability of Wal–Mart to obtain mandamus relief because it has failed to demonstrate that it pursued other available remedies, namely, a plea to the jurisdiction. While it is true that Wal–Mart has not obtained a written ruling on its plea to the jurisdiction, it is unnecessary for the relator to show it pursued other available remedies where the trial court's order is void. *In re Rollins Leasing,* 987 S.W.2d at 635; *In re Ford Motor Co.,* 965 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). An order is void only when it is clear that the trial court lacked jurisdiction over the parties or subject matter, lacked jurisdiction to enter the order, or lacked the capacity to act as a court. *In re Rollins Leasing,* 987 S.W.2d at 635; *see State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995). Accordingly, mandamus is appropriate to set aside an order that is granted after the court's plenary power expires and that is, therefore, void. *In re Rollins Leasing,* 987 S.W.2d at 635; *see In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998). Here, the trial court's order setting the case for trial is void because it was entered long after the court's plenary power had expired and the dismissal order had become final.

### CONCLUSION

We echo the sentiments expressed by Justice Stone in *In re Montemayor:*

> We recognize that Judge [Peca] was attempting to remedy a problem that was at least partly caused when erroneous information was provided by court personnel. Ultimately, however, the trial court's inherent authority is limited by the requirement of a timely written order of reinstatement.

*Montemayor,* 2 S.W.3d at 546.

We therefore conditionally grant the writ of mandamus, and direct the trial court to vacate its May 5, 1999 order setting the case for trial. The writ will issue only if the trial court fails to comply.