COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

 

                                                                              )     

                                                                              )                        No.  08-01-00228-CV

IN RE: MARIA ESPERANZA
VELEZ,                )

                                                                              )                 AN ORIGINAL PROCEEDING

Relator.                  )     

                                                                              )                             IN MANDAMUS

                                                                              )

 

 

O
P I N I O N

 

This
petition for writ of mandamus concerns the Hague Convention[1]
(AConvention@)
as implemented by the United States in the International Child Abduction
Remedies Act[2]
(AICARA@),
and involves a request by a father for an order under the Convention requiring
a mother (Relator) to return their child to Spain,
the country from which the child was removed in 1999.  Relator seeks
mandamus relief to compel the 65th Judicial District Court of El Paso County,
Texas to vacate its order granting full faith and credit to a prior judgment
adjudicating an earlier Convention petition because she was denied an
evidentiary hearing.








Immediately
following the proceedings in the trial court, Velez filed a motion for
temporary emergency relief with this court. 
We granted the motion the same day, ordered all proceedings in the trial
court stayed, and barred the trial court from enforcing its order returning the
child in accordance with the Convention pending this Court=s ruling on Velez=s petition for writ of mandamus.  Before our order was delivered to the parties,
the father and child left the jurisdiction of the court.  Velez filed a petition for writ of mandamus
on June 12 and a notice of appeal on June 27.  The mandamus proceeding and the appeal were
consolidated for purposes of argument.             We do not detail here the full
factual and procedural history of this case, leaving it for discussion in our
opinion in the appeal which we have also issued today.  See Velez v. Mitsak,
No. 08-01-00246-CV (Tex.App.--El Paso August 29,
2002, no pet. h.)  Instead, we turn directly
to the standard of review.

STANDARD OF REVIEW

Mandamus
will lie only to correct a clear abuse of discretion.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992); In re Wal-Mart Stores, Inc., 20 S.W.3d
734, 738 (Tex.App.--El Paso 2000, no pet.).  The relator must
have no other adequate remedy at law.  Id.  Mandamus relief will be denied if the relator has another available adequate remedy.  Street v. Second Court of Appeals, 715 S.W.2d
638, 639-40 (Tex. 1986); In re Wal-Mart Stores, Inc., 20 S.W.3d at 738.  A court abuses its discretion when it fails
to properly apply the law to the undisputed facts, when it acts arbitrarily or
unreasonably, or when its ruling is based on factual assertions unsupported by
the record.  See In
re Kramer, 9 S.W.3d 449, 450 (Tex.App.--San
Antonio 1999, orig. proceeding).








Mandamus
relief is not appropriate here inasmuch as Relator
has filed a parallel appeal that affords her the relief she seeks.  We have sustained her complaints regarding an
opportunity to have a full hearing consistent with the procedural requirements
of a petition filed pursuant to the Convention and remanded the case for
further proceedings.  The petition for
writ of mandamus is denied.

 

August 29, 2002

                                                                         

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  See Convention on the Civil Aspects of International
Child Abduction, Oct. 25, 1980, 51 Fed.Reg.
10494, 10498-502 (App. B) 1986.





[2]  See 42 U.S.C.A. ''
11601-11610 (1995).