# NO. 12-15-00281-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***BRIAN ROBERTS D/B/A LAKESHORE MARINE CONSTRUCTION, LLC, APPELLANT*** | § | ***APPEAL FROM THE 392ND*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***LYNN O. SURLS, APPELLEE*** | § | ***HENDERSON COUNTY, TEXAS*** |

## *MEMORANDUM OPINION*

Brian Roberts d/b/a Lakeshore Marine Construction, LLC filed this restricted appeal from a default judgment granted Lynn O. Surls. The trial court granted the default judgment three days after its reinstatement of the case, which had been dismissed for want of prosecution. Roberts argues that the trial court had lost plenary power to reinstate the case or render the subsequent default judgment. We reverse and dismiss.

## BACKGROUND

The relevant events may be summarized as follows:

**February 22, 2013** Surls files suit against Roberts alleging breach of contract, breach of warranty, and fraud.

**February 20, 2015** The District Clerk sends Surls notice that the case is set for dismissal on the April 2, 2015 dismissal docket.

**April 2, 2015** The trial court dismisses the case for want of prosecution and notice is sent to Surls.

**May 18, 2015**  The trial court reinstates the case on its own motion.  No motion for reinstatement was filed by Surls.

**May 21, 2015**  The trial court grants default judgment against Roberts in the amount of $30,509.95 and $2,000 in attorney's fees.

**November 18, 2015**  Roberts files a notice of restricted appeal.

## RESTRICTED APPEAL

To prevail on his restricted appeal, Roberts must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record.  *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).  Only the fourth requisite is at issue here.

## JURISDICTION

In his sole issue, Roberts contends that during the thirty days following the trial court's signing of the order of dismissal, Surls filed no motion that would serve to extend the trial court's plenary power.  Therefore, the trial court had no jurisdiction to reinstate the case or to grant default judgment.

**Applicable Law**

The date a judgment or order is signed determines the beginning of the periods prescribed by the Texas Rules of Civil Procedure for the trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment or order.  TEX. R. CIV. P. 306a(1).  A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment.  TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).  The period of plenary power may be extended by timely filing an appropriate post-judgment motion.  *Lane Bank*, 10 S.W.3d at 310.  The filing of a motion for new trial or a motion to modify, correct, or reform the judgment within the initial thirty day period extends the trial court's jurisdiction up to an additional seventy-five days, depending on when or whether the trial court acts on the motions.  *Id*.; *see* TEX. R. CIV. P. 329b(e), (g).

2

When a case has been dismissed for want of prosecution, the trial court's initial thirty days of plenary power may also be extended by filing a verified motion to reinstate setting forth the grounds therefor within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. TEX. R. CIV. P. 165a(3). An unverified motion to reinstate, although filed within thirty days of the order of dismissal, will not serve to extend the court's plenary power beyond the thirty days following the signing of the order of dismissal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (per curiam). A trial court can reinstate a case on its own initiative within thirty days after dismissal. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111-12 (Tex. App.—San Antonio 1997, no writ); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ).

**Discussion**

Surls maintains that, under Rule 165a(3), the trial court had seventy-five days from its order of dismissal to reinstate the case. He seeks support for his position in language from the opinion in *In re Wal-Mart Stores, Inc.* that '[r]ule 165a(3) requires that a case be reinstated by signed written order within seventy-five days after the judgment is signed." 20 S.W.3d 734, 740 (Tex. App.—El Paso 2000, orig. proceeding). In *Wal-Mart*, the trial court had signed a written order dismissing the case for want of prosecution. *Id*. at 737. Almost immediately, the trial judge made an oral pronouncement reinstating the case. *Id*. However, the trial court did not render a signed order vacating the prior signed order of dismissal. *Id*. Unlike the instant case, the extent of the trial court's plenary power was not an issue in *Wal-Mart*. The question was whether the trial court's oral pronouncement was effective to reinstate the case. *Id*.

In both cases cited by the *Wal-Mart* court, verified motions for reinstatement had been timely filed within thirty days of their dismissal for want of prosecution as required by Texas Rule of Civil Procedure 165a(3). *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (per curiam); *Intercity Mgmt. Corp. v. Chambers*, 820 S.W.2d 811, 812 (Tex. App.–Houston [1st Dist.] 1991, orig. proceeding [leave denied]). This effectively extended the trial court's plenary power seventy-five days from the date the judgment was signed. *See* TEX. R. CIV. P. 165a(3). In both cases, the trial court's docket sheet indicated that the motions to reinstate had been granted shortly after they were filed. *Zardenetta*, 776 S.W.2d at 578; *Chambers*, 820 S.W.2d at 813. However, in neither case did the trial court, within seventy-five days of the date of judgment, render a signed written order

3

reinstating the case as required by the rule. Therefore, the reinstatement orders signed after the expiration of the court's extended period of plenary power were held ineffective. *Zardenetta*, 776 S.W.2d at 578; *Chambers*, 820 S.W.2d at 813.

It is clear that under Rule 165a(3), the trial court's thirty day plenary power following an signed order of dismissal is extended to seventy-five days only by the filing of a verified motion to reinstate. Surls filed no motion of any kind within thirty days of the signing of the dismissal order. In the absence of any motion extending the trial court's initial thirty day period of plenary power following the signing of the dismissal order on April 2, 2015, its plenary power expired May 2, 2015. Therefore, the trial court had no jurisdiction to reinstate the case on May 18, 2015, or to grant default judgment against Roberts on May 21, 2015. Roberts's sole issue is sustained.

## DISPOSITION

Having sustained Roberts's sole issue, we *reverse* the judgment of the trial court and *dismiss* the cause.

BILL BASS
Justice

Opinion delivered April 13, 2016.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 13, 2016**

**NO. 12-15-00281-CV**

**BRIAN ROBERTS D/B/A LAKESHORE MARINE CONSTRUCTION, LLC,**
Appellant
V.
**LYNN O. SURLS,**
Appellee

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. 2013B-0205)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court be **reversed** and the trial court cause be **dismissed**; and that all costs of this appeal be, and the same are, adjudged against the Appellee, **LYNN O. SURLS**, for which let execution issue; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*