**Opinion issued February 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00156-CV

———————————

## CESAR LOMELI, INDIVIDUALLY, NEREYDA CALDERON, A/N/F OF Z.L., A MINOR, AND ELIDA LOMELI, A/N/F OF A.C., A MINOR,
**Appellants**

## V.

## MARIO GIOBANNY TORRES, Appellee

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-37600**

---

## MEMORANDUM OPINION

Appellants—Cesar Lomeli; Nereyda Calderon, as next friend of Z.L., a minor;

and Elida Lomeli, as next friend of A.C., a minor—appeal the trial court's judgment

dismissing their personal-injury suit against appellee Mario Giobanny Torres based

on the doctrine of dominant jurisdiction. Appellants challenge the judgment raising two issues. Because we conclude that the trial court abused its discretion in dismissing the suit, we reverse and remand.

## Background

### A. First Suit

On February 9, 2017, Nereyda Calderon, individually, and as next friend of minors C.L. and Z.L., and Elida Lomeli, individually, and as next friend of minors A.L. and A.C., sued Mario Giobanny Torres in the 270th District Court of Harris County for personal injuries allegedly sustained in a motor-vehicle accident. The plaintiffs alleged that, on November 19, 2016, Torres's vehicle collided with the vehicle in which they were passengers. They claimed that their injuries were caused by Torres's negligent operation of his vehicle.

On September 20, 2019, the trial court signed an order dismissing the suit for want of prosecution (DWOP order). The DWOP order indicated that the plaintiffs had failed to respond to the trial court's earlier notice of intent to dismiss the suit.[1]

On September 24, 2019, the plaintiffs filed a document titled, "Plaintiff's Verified Motion to Reinstate." They acknowledged receiving the trial court's

---

[1] The DWOP order did not state whether the dismissal was with or without prejudice. However, unless otherwise indicated, a dismissal for want of prosecution is presumed to be without prejudice. *See Barnes v. Deadrick*, 464 S.W.3d 48, 54 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

2

dismissal notice and stated that they failed to file a motion to retain the suit due to their attorney's "calendaring error." Notwithstanding its title, the motion to reinstate was unverified. Despite the lack of verification, the trial court signed an order on December 2, 2019, granting the motion and reinstating the case.

On June 10, 2022, Torres filed a motion to dismiss the suit for lack of jurisdiction. He argued that, because it was not verified, the motion to reinstate had not extended the trial court's plenary power to reinstate the case. He asserted that the trial court lost plenary power over the case on October 20, 2019, thirty days after it signed the DWOP order. The trial court agreed, signing an order on July 19, 2022, granting Torres's motion to dismiss for lack of jurisdiction. The order stated that the trial court "lost plenary jurisdiction on October 20, 2019, due to failure of Plaintiffs to file a verified motion to retain." The court ordered the case "dismissed as of October 20, 2019."

The plaintiffs filed an appeal challenging the July 19, 2022 dismissal order and the September 19, 2019 DWOP order. The appeal was assigned to the Fourteenth Court of Appeals (Fourteenth Court).

**B.    Instant Suit**

On June 23, 2022—after Torres filed the motion to dismiss in the first suit— several of the first-suit plaintiffs—namely, Cesar Lomeli, Nereyda Calderon, as next friend of Z.L., and Elida Lomeli, as next friend of A.C.—filed the instant suit against

3

Torres in the 190th District Court of Harris County.[2] They asserted the same allegations and claims that they had asserted in the first suit. The instant suit was transferred from the 190th District Court to the 270th District Court, the court in which the first suit was filed.

In the instant suit, Torres filed a motion to abate and dismiss. He amended the motion in December 2022. He argued that the instant suit should be dismissed because the trial court had dominant jurisdiction in the first suit. He pointed out that the instant suit "involve[d] the same parties and same controversy" as the first suit. Torres acknowledged that the trial court dismissed the first suit in July 2022 for lack of jurisdiction because it lost plenary power over the first suit in October 2019. Nonetheless, Torres argued that the instant suit should be dismissed based on dominant jurisdiction because the appeal of the dismissal order in the first suit was pending in the Fourteenth Court.

Torres also acknowledged in the amended motion that the instant suit was filed to preserve the plaintiffs' legal rights. Torres explained,

> Cesar Lomeli was not 20 years old at the time of dismissal [of the first suit], and under normal circumstances could have refiled his case until the day he turned 20. However, he turned 20 years old in July of 2022,

---

[2] A comparison of the two suits show that A.L. was no longer a plaintiff. Nereyda Calderon and Elida Lomeli no longer asserted claims individually but only as next friends of minor plaintiffs. Cesar Lomeli was identified in the first suit as C.L. but had reached the age of majority by the filing of the instant suit.

while the first suit was on appeal, which is why the Plaintiffs chose to file this second case when they did.

He also explained that A.L., Nereyda Calderon, individually, and Elida Lomeli, individually, were plaintiffs in the first suit but not in the instant suit because limitations had run on their claims.

On February 27, 2023, the trial court granted Torres's amended abatement motion and signed an order dismissing the instant suit. Cesar Lomeli, Nereyda Calderon, as next friend of Z.L., and Elida Lomeli, as next friend of A.C. (hereafter, Appellants) filed the instant appeal challenging the dismissal order.

## C.     Disposition of Appeal in First Suit

While the instant appeal was pending, the Fourteenth Court decided the appeal in the first suit. *See Calderon v. Torres*, No. 14-22-00570-CV, 2023 WL 6632953 (Tex. App.—Houston [14th Dist.] Oct. 12, 2023, no pet.) (mem. op.). The appellate court noted that, on September 20, 2019, the trial court dismissed the first suit for want of prosecution. *Id.* at *1. It agreed with Torres that the plaintiffs' unverified motion to reinstate the suit had not extended the trial court's plenary power. *See id.* at *2. The Fourteenth Court explained, "The trial court, therefore, lost plenary power on October 20, 2019, thirty days after signing the order of dismissal." *Id.* (citing TEX. R. CIV. P. 329b(d)). The court determined that, "[b]ecause the trial court's order reinstating the case was signed well after the date it lost plenary jurisdiction, the December 2, 2019 order reinstating the case [was] void." *Id.* The court also

5

determined that, "[b]ecause the trial court lost plenary power on October 20, 2019, the July 19, 2022 order granting Torres's motion to dismiss [was] also void and must be vacated." The Fourteenth Court held that "the trial court was without jurisdiction to enter the December 2, 2019 and July 19, 2022 orders" in the first suit and declared the orders void and vacated them. *Id.* The court also held that it lacked jurisdiction to review the September 20, 2019 DWOP order because "the time to appeal that decision expired in 2019." *Id.*

## Discussion

In the instant appeal, Appellants present two issues challenging the trial court's judgment dismissing their suit. Because it is dispositive, we begin with Appellants' second issue in which they contend that the trial court abused its discretion in dismissing the suit based on the doctrine of dominant jurisdiction.

### A.    Applicable Legal Principles

"We conduct our dominant-jurisdiction analysis under the deferential abuse-of-discretion standard." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Regarding factual questions, the abuse-of-discretion standard is more akin to a clear-error standard. *J.B. Hunt*

6

*Transp.*, 492 S.W.3d at 294. But, regarding questions of law, a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*

Generally, if two lawsuits concerning the same subject matter are pending in courts of concurrent jurisdiction, the court in which suit was first filed acquires "dominant jurisdiction," if venue is proper. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *see Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Thus, when two suits are "inherently interrelated, a plea in abatement in the second action *must* be granted." *J.B. Hunt Transp.*, 492 S.W.3d at 294 (internal quotation marks omitted). Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues.[3] *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001).

---

[3] Torres correctly points out that Appellants have not complained that the instant suit should have been abated rather than dismissed. Thus, the propriety of the trial court's action of dismissing—rather than abating—the suit is not an issue on appeal. *See French v. Gilbert*, No. 01-07-00186-CV, 2008 WL 5003740, at *7–8 (Tex. App.—Houston [1st Dist.] No. 26, 2008, no pet.) (recognizing that, "[g]enerally, the proper relief on a motion to abate on the ground of dominant jurisdiction is abatement," but explaining that Court "need not pass on the propriety of the trial court's action in dismissing, rather than abating . . . in response to the motions to abate" because appellants "[did] not complain on appeal that the trial court should have abated, rather than dismissed, the [case], nor [did] they ask [the Court] to modify the order of dismissal to one of abatement").

## B.    Analysis

We agree with Appellants that this case does not present a question of dominant jurisdiction. The case does not involve the pendency of more than one suit in courts of concurrent jurisdiction. As Appellants point out, the instant suit involves the refiling of claims after the claims were dismissed for want of prosecution in the first suit.[4] At the time the instant suit was filed, the trial court's plenary power in the first suit had expired and, as discussed below, a final judgment—the DWOP order—had been rendered.

As held by the Fourteenth Court in the first suit—and as acknowledged by the trial court in its July 19, 2022 dismissal order—the trial court's plenary power expired in the first suit on October 20, 2019, thirty days after the trial court dismissed the first suit for want of prosecution. *See Calderon*, 2023 WL 6632953, at *2. "[A]n order that dismisses a case for want of prosecution becomes a final judgment upon expiration of the trial court's plenary jurisdiction." *In re Bowen*, No. 01-23-00655-CV, 2023 WL 8815154, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2023, orig. proceeding) (mem. op.) (quoting *In re Wal-Mart Stores, Inc.*, 20 S.W.3d 734, 738 (Tex. App.—El Paso 2000, orig. proceeding)). Thus, the September 20, 2019 DWOP

---

[4]    Torres acknowledged in his amended abatement motion that Appellants filed the instant suit to protect their legal rights—that is, to preserve their claims before limitations ran.

8

order became the final judgment in the first suit on October 20, 2019, thirty days after the trial court's plenary power expired. *See id.*

Because final judgment was rendered in the first suit in 2019, we conclude that there was no longer another pending lawsuit concerning the same subject matter when the instant suit was filed in 2022. *See Jallan v. PNA Invs., LLC*, No. 01-21-00150-CV, 2022 WL 598672, at *5 (Tex. App.—Houston [1st Dist.] Mar. 1, 2022, no pet.) (mem. op.); *A.H. Farms, LLC v. Star Creek Co.*, No. 06-21-00042-CV, 2022 WL 107107, at *3 (Tex. App.—Texarkana Jan. 12, 2022, no pet.) (mem. op.). When Torres filed his amended abatement motion, there were no longer "two pending lawsuits." *See Jallan*, 2022 WL 598672, at *5 (citing *J.B. Hunt Transp.*, 492 S.W.3d at 292). Thus, when the trial court dismissed the instant suit, there was "no longer a 'first-filed suit that could be permitted to proceed.'" *Id.* (quoting *Gordon*, 196 S.W.3d at 382). Moreover, when a court's plenary power expires, the court loses jurisdiction to act. *See Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). When a court lacks jurisdiction to act in the first-filed suit, "the doctrine [of dominant jurisdiction] has no application." *See Schuele v. Schuele*, 119 S.W.3d 822, 824 (Tex. App.—San Antonio 2003, no pet.). For these reasons, we conclude that the doctrine of dominant jurisdiction does not apply.

Torres argues that dominant jurisdiction applied because the appeal of the trial court's July 19, 2022 dismissal order and September 20, 2019 DWOP order was pending in the Fourteenth Court when the trial court dismissed the instant suit in February 2023. However, the trial court lost plenary power in the first suit on October 20, 2019. As shown by the language of the first suit's dismissal order, the trial court knew that it lacked plenary power after that date. Because the trial court lacked jurisdiction to sign the dismissal order, the Fourteenth Court declared the order void and vacated it along with the earlier-issued reinstatement order. *See Calderon*, 2023 WL 6632953, at *2.

As discussed, the trial court's September 20, 2019 DWOP order became the final judgment in the first suit on October 20, 2019—thirty days after the trial court's plenary power expired. *See Bowen*, 2023 WL 8815154, at *3. The Fourteenth Court held that it lacked jurisdiction to review the DWOP order (the final judgment) because a timely appeal was not filed; the time to appeal the final judgment expired in 2019. *See Calderon*, 2023 WL 6632953, at *2.

Because it proceeded to final judgment, the first suit was no longer pending when the instant suit was filed in June 2022. *See Jallan*, 2022 WL 598672, at *5; *A.H. Farms*, 2022 WL 107107, at *3. None of the actions in the first suit following the rendition of the final judgment—including the filing of an unverified motion to reinstate, the issuance of void orders, or the filing of an untimely appeal—revived

10

the pendency of the suit.[5] Without the pendency of another suit, the doctrine of dominant jurisdiction has no application. *See Jallan*, 2022 WL 598672, at \*5; *A.H. Farms*, 2022 WL 107107, at \*3. We hold that the trial court abused its discretion when it granted Torres's amended motion to abate and dismissed the instant suit. *See A.H. Farms*, 2022 WL 107107, at \*3 ("[G]ranting a plea in abatement when the first-filed suit is no longer pending is an abuse of discretion.").

We sustain Appellants' second issue.[6]

### Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

Kristin Guiney
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney

---

[5] Citing *Guy v. Damson Oil Corp.*, Torres asserts, "The pendency of an appeal from the first court's judgment is also grounds for abatement and dismissal of a subsequent suit." No. 13-91-028-CV, 1997 WL 33760709 (Tex. App.—Corpus Christi–Edinburg Mar. 27, 1997, no writ) (not designated for publication). However, unlike here, *Guy* did not involve an untimely appeal from a final judgment or void orders. *See id.* at \*2.

[6] Because this issue is dispositive of the appeal, we need not discuss Appellants' other issue or arguments. *See* TEX. R. APP. P. 47.1 (providing that "court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").