**In re Thressa BURGETT.**

**No. 06–00–00066–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted May 24, 2000.

Decided May 25, 2000.

Opinion Denying Reconsideration
June 27, 2000.

Robert Foster, Melissa A. Charles, Longview, for Relator.

Bonnie Leggat, Marshall, for Respondent.

Vernard G. Solomon, Marshall, Don Stokes, Stokes Law Office, Marshall, for C. Burgett & Assoc.

Bailey C. Moseley, Marshall, for E. Baker & Assoc.

W.F. Palmer, Palmer Law Firm, Inc., Marshall, for Melvin Daniel Rust.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Thressa Burgett has filed a petition for writ of mandamus in connection with the severance of her third-party fraud action from her suit for divorce. She asks us to order the trial court to vacate its order of severance, consolidate the severed claims with the divorce action, order expert witnesses who were de-designated and re-designated as fact witnesses to either remain as experts or not be allowed to testify, and order attorney Sam Moseley to be disqualified as both a witness and attorney for the third-party defendants in the same proceeding. She alternatively asks us to order that the fraud claims be tried before the divorce action is tried.

In the underlying lawsuit, Burgett filed a petition for divorce. She also filed a

third-party action against a corporation owned by herself and her husband, as well as other individuals and E. Baker & Associates, Inc. In that cross-action she alleges fraud, conspiracy, and breach of fiduciary obligations. She alleges that her husband is fraudulently dissipating the community estate in the following fashion: the community estate owns seventy-five percent of a closely-held corporation known as C. Burgett & Associates, Inc. Burgett alleges that her husband purchased a machine and fabrication business from Ed Baker for $9.2 million—by what is effectively an oral agreement—on credit at ten percent interest. She states that her husband is paying Baker approximately $100,000 per month out of the community estate in "lease" or interest payments, but that Baker conveyed only a few trucks, a paint booth, and a lathe to the Burgett corporation. Further, she provides a reference to testimony by Baker in a deposition where he claims to still own all of the machine and fabrication business.

The trial court severed the cross-action from the divorce proceeding. Burgett claims this is clear error and asks us to order the trial court to vacate its severance order.

■■■ Traditionally, mandamus relief was available only if the trial court failed to perform a purely ministerial duty. *See Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138 (1939). Now, however, mandamus relief is available if the trial court abuses its discretion in resolving legal issues or in acting arbitrarily and capriciously with regard to factual issues. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial

error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances involving urgent necessity, and not for grievances that may be addressed by other remedies. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). Consequently, mandamus relief is available only if a party has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d at 840. An appellate remedy is not inadequate merely because the party may incur more expense and delay. *Id.* at 842. But where a trial court's error will cause a waste of judicial resources, an appellate court may properly consider that factor in determining the adequacy of an appeal to remedy the error. *See id.* at 843; *Jones v. Ray*, 886 S.W.2d 817, 823 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

■■■ The first question we must answer is whether mandamus is appropriate to review an order of severance. The case before us is unlike most reported cases, which involve the *denial* of a severance. In some situations, a denial of severance is held to be invasive of substantial rights, and mandamus is deemed appropriate because there is no adequate remedy by appeal.[1]

At least two cases have involved review of an order *granting* a severance. Where a severance was not requested by any party and it resulted in splintering the lawsuit where the same claims were involved, the intervenor who had its claim severed was entitled to mandamus relief. *In re El Paso County Hosp. Dist.*, 979 S.W.2d 10, 12 (Tex.App.—El Paso 1998, orig. proceeding). Similarly, where a trial

---

1. The rule imposes a duty on the trial court to order a separate trial where the facts and circumstances unquestionably require a separate trial to prevent "manifest injustice," where no facts or circumstances support a contrary conclusion, and where there will be no prejudice suffered. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956); *F.A.*

*Richard and Assocs. v. Millard*, 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). Under these circumstances, the refusal to order a separate trial is a violation of a plain legal duty, even though it is often termed a clear abuse of discretion. *Womack v. Berry*, 291 S.W.2d at 683.

court severed intertwined claims into two trials, the court found that a severance would result in such a waste of judicial resources as to justify the granting of relief by mandamus. *Jones v. Ray,* 886 S.W.2d at 823.

Tex.R. Civ. P. 41 states the circumstances where severance is appropriate. It states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

▮ A claim may be properly severed only if the controversy involves more than one cause of action, the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *State Dep't of Highways and Public Transp. v. Cotner,* 845 S.W.2d 818, 819 (Tex.1993); *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990); *In re El Paso County Hosp. Dist.,* 979 S.W.2d at 12.

▮ An order severing a cause of action is subject to review by appeal. *In re Hoover, Bax & Slovacek, L.L.P.,* 6 S.W.3d 646, 649 (Tex.App.—El Paso 1999, orig. proceeding); *Nicor Exploration Co. v. Florida Gas Transmission Co.,* 911 S.W.2d 479 (Tex.App.—Corpus Christi 1995, writ denied). A trial court's severance order will not be disturbed on appeal except for an abuse of discretion. *Wom-ack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956); *Garcia v. Willman,* 4 S.W.3d 307, 311 (Tex.App.—Corpus Christi 1999, no pet. h.).

▮ In her third-party claims Burgett alleges that Baker engaged in a conspiracy or acted in concert with her husband to obligate the community estate without any consideration being paid to the community. The trial court, recognizing that all of the third parties could be called as witnesses in the divorce action and that an additional delay in the trial of the divorce could be caused by discovery relating to the third-party claims, concluded that the facts were not so interwoven as to require that the two causes be tried together. The trial court concluded that the relevant matter in the divorce was the division of the community, and that the nature and extent of the community property could be shown without trying the fraud case simultaneously. Accordingly, she severed Burgett's claims against the third-party defendants and set the divorce action for trial.

We believe, however, that in order to determine the nature, extent, and value of the community property and make a proper division of it, the disputed claims to ownership of certain alleged community assets and the value of those assets, as well as the allegations of a conspiracy to dissipate or divert community assets, must be explored and determined. Moreover, if in the divorce action Burgett establishes her ownership in some of the disputed assets, that adjudication will not bind third parties who claim to own an interest in those assets if their claims are determined in a later separate suit. For these reasons, we conclude that Burgett's rights may be jeopardized and judicial economy may be compromised if the third-party claims are not tried with, or before, the divorce action.

We have reviewed the remaining claims in Burgett's petition for writ of mandamus and find that she is not entitled to the relief sought on those grounds. Accordingly, without hearing oral argument, we

conditionally grant relator's petition for writ of mandamus. We direct that the trial court, at her option, either set aside the order of severance or try the severed fraud claims before the divorce action is tried. We are confident that the trial court will comply with our opinion, so the writ will not issue unless she fails to do so.

## ON MOTION FOR RECONSIDERATION

### PER CURIAM.

The trial court has filed a motion asking us to reconsider our mandamus ruling because it would require the trial court to depart from an agreed scheduling order. This Court has also heard oral arguments from counsel concerning the mandamus proceeding.

The trial court pointed out that the party bringing the cross-action, as well as her attorney, had failed to attend the court-ordered mediation not involving the third parties. However, the granting or denial of a severance would not be an appropriate sanction for failing to attend the court-ordered mediation. If sanctions are appropriate, then the sanctions should be made through proper procedure with the appropriate remedies.

This Court respects the trial court's scheduling orders and docket control, but also is properly concerned over the waste of judicial resources as cited in this Court's original opinion. The scheduling order did not set a deadline for bringing in third parties. The third parties were brought in shortly after the taking of the deposition of one of the third parties, which counsel contends was the major deciding factor in filing the third-party action. The ultimate justice of the case and the ultimate finality of all issues sometimes requires the altering of scheduling orders.

What this Court determined in its initial opinion was that there was a controversy involving third parties over a significant asset. To avoid the necessity of multiple litigation and appeals, the determination of the nature and value of this asset, or whether the asset has any value, should be determined prior to the division of property in the divorce so that the trial court would be in a position to equitably divide the community property.

In oral argument, the sale of the assets from the third party to the corporation whose stock is involved in this controversy was described as based on a "gentlemen's agreement."[2] At this point, this Court does not have any factual determinations before it, but must examine the issues to be tried based on the pleadings of the parties. The cross-action pleadings contend that the husband has entered into a conspiracy to defraud the wife of value that would be a part of the community property through dealings with the closely-held corporation whose stock belongs primarily to the spousal community. Because this allegation involves a third party, no determination that would bind that third party can be made until this matter is litigated in the suit in which the third party is a litigant. To litigate this divorce without prior litigation that determines the nature of the assets in question being binding on the third party could result in inconsistent determinations.

The argument was made that the trial court could handle this stock in such a manner that this would not be material to the division of the property; however, we cannot contemplate how the court might divide the property without considering the value of the stock, nor has it been demonstrated to this Court how the nature and value of this stock would not be a factor in the equitable division of the community property. We find this issue to be

---

**2.** A "gentlemen's agreement" is defined by Black's Law Dictionary as "An unwritten agreement that, while not legally enforceable, is secured by the good faith and honor of the parties." BLACK'S LAW DICTIONARY 695 (7th ed.1999). In gender neutral terms, perhaps this would be more appropriately characterized as an "honorable persons' agreement."

so interwoven with the divorce proceeding that it should be tried as a part of the divorce proceeding, or the nature of the ownership right in the assets in question should be tried prior to the divorce proceeding, as set out in our original opinion.

The motion for reconsideration is denied.