Opinion issued October 20, 2005



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00228-CV




IN THE INTEREST OF G.H.D., A MINOR CHILD

* * * * *

NO. 01-05-00438-CV
NO. 01-05-00439-CV

IN RE BILLY GENE WOLCOTT, Relator




On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 22291*RH02

* * * * *
Original Proceeding on Petitions for a Writ of Habeas Corpus, or
Alternatively, a Writ of Mandamus




MEMORANDUM OPINION
          This case asks whether a docket-control or scheduling order that sets a case for
trial on a certain date will preserve the trial court’s jurisdiction and thus control over
a later order that dismisses the case for want of prosecution [DWOP], when the
docket-control setting states a trial date that falls 92 days after the DWOP, and no
timely motion to reinstate was filed after the DWOP. We hold that the dismissal
order controls, that it became a final, appealable judgment, and that the trial court lost
plenary power to reinstate the case 30 days after the DWOP order. 
          In Cause No. 01-05-00228-CV, appellant, Billy Gene Wolcott, challenges a
November 12, 2004 order by which the trial court (1) adjudicated Wolcott the father
of G.H.D., a child, and (2) required Wolcott to pay appellee, Kimberly Andrea Durst,
the mother of G.H.D., $950 per month as child support, including arrearages dating
back to September 1, 2004, and an additional $400 as reimbursement for a total past
due amount of $19,602.68 in medical expenses and retroactive child support. In
Cause No. 01-05-00438-CV, Wolcott petitions this Court for habeas corpus relief,
and in Cause No. 01-05-00439-CV, he requests mandamus relief. Wolcott presents
a single issue, common to each cause, in which he contends that the trial court’s
November 12, 2004 order is void because the trial court signed the order after its
plenary power had expired. In response, Durst contends that the trial court’s earlier
docket-control, or “scheduling,” order, signed on April 29, 2004, preserved the trial
court’s jurisdiction. 
          In light of our holding that the November 12, 2004 order is void because the
trial court lacked jurisdiction, we dismiss the appeal of Cause No. 01-05-00228-CV,
conditionally grant mandamus relief in Cause No. 01-05-00439-CV, and lift our stay
order in Cause No. 01-05-00438-CV, which we dismiss as moot.


 
Procedural Background
          G.H.D. was two and a half months old on November 25, 2002, when Durst
filed a petition seeking to (1) establish that Wolcott was G.H.D.’s father, (2) require
that Wolcott pay child support, and (3) appoint Durst sole managing conservator of
G.H.D. In his January 10, 2003 answer, Wolcott denied that he was G.H.D.’s father
and requested genetic testing. On March 6, 2003, the trial court signed the parties’
agreed, temporary orders. These required Wolcott to pay Durst $500 per month as
child support. The trial court’s initials appear on a scheduling order and notice of
intent to dismiss dated July 24, 2003. Among other things, this order set the case for
a status and pretrial conference on September 3, 2003, and for trial on the merits on
September 8, 2003. Also on July 24, 2003, the trial court signed new, agreed
temporary orders endorsed by the parties’ counsel. These orders refer to a hearing
conducted on March 6, 2003 and recite that the trial court continued Wolcott’s $500
monthly child-support obligation. The July 24, 2003 orders also reflect the trial
court’s findings that Wolcott is the father of G.H.D. and that Wolcott had paid a total
of $1,500 to Durst for the months of March, April, and May 2003. 
          Except for docket-sheet notations of a nonappearance on August 25, 2003 and
a status report sent by telecopier from the parties’ counsel on September 3, 2003, the
date first set for trial, the record shows little activity in the case until February 6,
2004, when a second scheduling order and notice of intent to dismiss issued.


 This
order set the case for a status and pretrial conference on April 7, 2004, and for trial
on the merits on April 12, 2004. After another nonappearance entry noted on the
court’s docket sheet for March 4, 2004, a third scheduling order and notice of intent
to dismiss issued on April 7, 2004. This order set the case for a status and pretrial
conference on April 29, 2004 and for trial on the merits on May 24, 2004.


 Docket
entries for April 7, 2004 indicate that counsel for both parties appeared and filed the
scheduling order. 
          According to docket entries on April 29, 2004, counsel for both parties also
appeared on April 29, 2004, and “filed” a fifth scheduling order. This order is
identical in appearance to the four preceding orders and sets an August 4, 2004 date
for a status and pretrial conference and a trial date of August 24, 2004. 
          On May 24, 2004, however—the date set for trial in the April 7, 2004
scheduling order and notice of intent to dismiss—the trial court called the case for
trial. Entries on the trial court’s docket sheet show the May 24, 2004 setting for trial
on the merits and also show that the case would “be dismissed” because no one
appeared. Consistent with this entry, the trial court signed an order that same day,
May 24, 2004, that dismissed Durst’s suit for want of prosecution. The order recites
that the “cause was called and no request was made that the case be left on the
pending docket.” No motion to reinstate was filed within 30 days of that order. 
          No further activity occurred until August 6, 2004, when the trial-court clerk
filed a “Status/Pre-Trial Conference Report” from an August 4, 2004 conference for
the August 24, 2004 trial setting contemplated by the order of April 29, 2004. This
report has blanks on which to indicate parties present, choice of jury or nonjury trial,
ready or not ready status, issues to be tried, and time estimates. The blanks have all
been struck through, however, and the word “closed” is handwritten alongside these
blanks.


 There is no docket-sheet entry for August 6, 2004.
          Although the ruling appears only as a docket entry, the trial court reinstated the
case sua sponte on August 24, 2004.


 On that same day, despite the earlier DWOP
order signed on May 24, 2004, after noting Wolcott’s failure to appear and lack of
“response,” the trial court conducted a hearing by default pursuant to the trial setting
stated in the docket-control, or scheduling, order issued on April 29, 2004. The
reporter’s record of that hearing shows that the trial court received evidence,
announced findings in Durst’s favor on the issues of paternity, child support, and
attorney’s fees, and set October 1, 2004 as the deadline for entry of judgment. But,
when no one appeared, yet again, on October 1, 2004, the trial court signed a second
DWOP order on October 7, 2004. 
          This time, however, Durst timely moved to reinstate her case. She also moved
to substitute counsel and for entry of orders adjudicating parentage. On November
12, 2004, the trial court signed orders reinstating the case and substituting counsel. 
In addition, the trial court signed orders that purported to be final and were consistent
with the relief granted at the August 24, 2004 default hearing. The orders included
an adjudication of Wolcott as the father of G.H.D. and appointments of Durst as
G.H.D.’s managing conservator and Wolcott as his possessory conservator. Wolcott
timely moved to vacate the November 12 order and for a new trial, contending that
the trial court no longer had jurisdiction over the case because the May 24, 2004 order
of dismissal for want of prosecution had become final without a timely filed motion
to reinstate. During the hearing on Wolcott’s motion, the trial court referred to the
dismissal as “a mistake” and rejected Wolcott’s arguments. 
          On April 15, 2005, the trial court again rejected Wolcott’s jurisdictional
challenges, held him in contempt for failure to pay child-support arrearages, rendered
judgment in favor of Durst for those arrearages, but suspended Wolcott’s commitment
pending outcome of a hearing on July 5, 2005. On July 1, 2005, we stayed
proceedings in the trial court.
Rule 165a —Dismissal for Want of Prosecution
          The trial court’s order dismissing Durst’s suit for want of prosecution issued
on May 24, 2004. The effect of this DWOP order, as opposed to the grounds for
issuing it or the parties’ notice of it, is the dispositive issue in all three proceedings
before us. 
          Unlike a docket-control, or scheduling, order, an order that dismisses a case for
want of prosecution is a final, appealable order. See Stewart v. USA Custom Paint &
Body Shop, 870 S.W.2d 18, 20 (Tex. 1994); In re Wal-Mart Stores, Inc., 20 S.W.3d
734, 738 (Tex. App.—El Paso 2000, orig. proceeding). When, as here, the DWOP
order does not state whether the suit was dismissed with or without prejudice, we
presume that the dismissal was without prejudice. See Dick Poe Motors, Inc. v.
DaimlerChrysler Corp., 169 S.W.3d 478, 485 (Tex. App.—El Paso, 1987, no writ);
Melton v. Rylander, 727 S.W.2d 299, 303 (Tex. App.—Dallas 1987, writ ref’d n.r.e.). 
The May 24, 2004 DWOP order did not, therefore, adjudicate the merits. See Dick
Poe Motors, Inc., 169 S.W.3d at 485; Melton, 727 S.W.2d at 303. The order was
nonetheless a final judgment, Stewart, 870 S.W.2d at 20, that triggered the
postjudgment deadlines of rule 329b, which provides the exclusive remedies to attack
a judgment of dismissal for want of prosecution that has become final. See El Paso
Pipe & Supply Co. v. Mountain States Leasing, Inc., 617 S.W.2d 189, 190 (Tex.
1981) (quoting Tex. R. Civ. P. 329b(f) and former version of rule). 
          Rule 329b provides that a trial court retains jurisdiction for a minimum of 30
days after signing a final judgment. See Tex. R. Civ. P. 329b(d) (“[R]egardless of
whether an appeal has been perfected,” trial court retains “plenary power to grant a
new trial or to vacate, modify, correct, or reform the judgment within thirty days after
the judgment is signed.”); see In re T.G. 68 S.W.3d 171, 176 (Tex. App.—Houston
[1st Dist.] 2002, pet. denied). Parties may extend the trial court’s initial, 30-day
period of plenary power to change its judgment by filing an appropriate postjudgment
motion within the 30-day period. See Lane Bank Equip. Co. v. Smith, 10 S.W.3d 308,
310 (Tex. 2000); In re T.G., 68 S.W.3d at 176. 
          Appropriate motions that extend the trial court’s plenary power include timely
filed motions for new trial or to modify, correct, or reform the judgment, pursuant to
rule 329b(e) and (g). Lane Bank Equip. Co., 10 S.W.3d at 310; In re T.G., 68 S.W.3d
at 176. In the case of a dismissal for want of prosecution, at issue here, a timely 
motion to reinstate extends the trial court’s plenary power. See Tex. R. Civ. P.
165a(3); McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990) (citing Butts v. Capitol
City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.1986)); In re Bokeloh, 21
S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). 
Although any change in the trial court's judgment will restart the appellate-timetable
and plenary-power rules under rule 329b(h), a rule 329b motion for new trial or to
modify, correct, or reform the judgment, or a motion that has the same effect, as
provided by rule 165a(3), is the sole means by which a party may extend the appellate
timetable and the trial court’s plenary power over its judgment. Lane Bank Equip.
Co., 10 S.W.3d at 313; In re T.G., 68 S.W.3d at 176; see Tex. R. Civ. P. 329b(h),
165a(3). 
          It is undisputed, and the record reflects, that the trial court signed the final
DWOP order on May 24, 2004. To extend the trial court’s plenary power to alter the
judgment of dismissal, and thus place her case back on the trial court’s docket, Durst
was required to file a motion to reinstate her case within 30 days of that date,
specifically, by June 23, 2004. See Tex. R. Civ. P. 165a(3), 329b(a); see McConnell,
800 S.W.2d at 194; see also Walker v. Harrison, 597 S.W.2d 913, 915 (Tex. 1980)
(holding that time limits of rule 165a are jurisdictional); In re Wal-Mart Stores, Inc.,
20 S.W.3d at 740 (same). Because no motion to reinstate, nor any other plenary-power extending motion was filed by June 23, 2004, the trial court lost plenary power
to reinstate Durst’s case on that date, which was 30 days after the trial court signed
the DWOP order. See Tex. R. Civ. P. 329b(d)(f); see McConnell, 800 S.W.2d at 194;
Butts, 709 S.W.2d at 697; see also In re Bokeloh, 21 S.W.3d at 788–91 (concluding
that trial court lost plenary power 30 days after DWOP, because motion to reinstate
not filed, and prematurely filed motion to retain did not function as motion to
reinstate). 
          Because the trial court lost plenary power over Durst’s case on June 23, 2004,
by operation of rules 329b(d) and (f), the trial court had no jurisdiction on August 24,
2004 to reinstate the case. Tex. R. Civ. P. 329b(d)(f); see McConnell, 800 S.W.2d
at 194; Butts, 709 S.W.2d at 697; In re Bokeloh, 21 S.W.3d at 788–89. Further,
because the trial court exceeded its authority by reinstating the case sua sponte on
August 24, 2004, the reinstatement ruling is void.


 See In re Union Pac. Res. Co.,
969 S.W.2d 427, 428 (Tex. 1998); Mapco v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990); Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973); In re T.G., 68 S.W.3d at
177; In re Bokeloh, 21 S.W.3d at 793. Because all subsequent rulings by the trial
court are premised on its sua sponte August 24, 2004 reinstatement, these rulings are
also void. See In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998).
          Durst does not dispute either the substance of the DWOP order or that the trial
court signed the dismissal order on May 24, 2004, but echoes the trial court’s
response to Wolcott’s jurisdictional challenges by asserting that the dismissal was
issued “by mistake.” Durst further contends that the fifth scheduling, or docket-control, order, issued on April 29, 2004, controls. This is the order that set the case
for a status and pretrial conference on August 4, 2004, and for trial on August 24,
2004, when the trial court reinstated Durst’s case sua sponte. 
          Durst’s contentions ignore that the May 24, 2004 DWOP order constituted a
final, appealable judgment that triggered the plenary power deadlines of rule 329b. 
See Tex. R. Civ. P. 329b; Stewart, 870 S.W.2d at 20; El Paso Pipe & Supply Co., 617
S.W.2d at 190; In re Wal-Mart Stores, Inc., 20 S.W.3d at 738, 740. Moreover, on
rendering the final, DWOP judgment, the trial court had limited authority to correct
that “mistake.” Any decision to withdraw that order and to reinstate the case would,
necessarily, constitute a “judicial” act, rather than a clerical correction and would,
therefore, demand that the trial court have jurisdiction, through its plenary power over
the judgment, to act. See In re Wal-Mart Stores, Inc., 20 S.W.3d at 738; see also
Tex. R. Civ. P. 329b(f) (limiting trial court’s postplenary power to correcting clerical
errors nunc pro tunc). Having lost its plenary power over the May 24, 2004 DWOP
order on June 23, 2004, or 30 days after the DWOP order, the trial court had no
authority to correct its judicial mistake after that date. See In re Wal-Mart Stores,
Inc., 20 S.W.3d at 738–39. 
          Durst further contends that the May 24, 2004 DWOP order was a nullity,
because the trial date had been reset pursuant to the April 29, 2004 docket-control
order, which “kept the case alive.” To support her contention, Durst refers us to In
re Burgett, 23 S.W.3d 124, 128 (Tex. App.—Texarkana 2000, orig. proceeding) (on
rehearing). Although our sister court’s opinion in Burgett duly acknowledged the
trial court’s contention, on rehearing, that its docket-control, or scheduling, orders
should be respected and given effect, the court nevertheless concluded that the
circumstances demonstrated by the mandamus record sufficiently compelled setting
aside an agreed scheduling order to grant the severance requested by the relator. Id. 
          Rule 166, which addresses the matters that may be determined by pretrial
conferences, states that a docket-control, or scheduling, order “when issued, shall
control the subsequent course of action, unless modified at the trial to prevent
manifest injustice.” See Tex. R. Civ. P. 166. The “subsequent course of action”
contemplated by the rule, therefore, is adjudication on the merits, whether by trial or
summary proceeding. The trial court foreclosed that course of action in this case by
signing the DWOP order on May 24, 2004, which then set into motion the
postjudgment and plenary power deadlines of rule 329b. See Stewart, 870 S.W.2d at
20; El Paso Pipe & Supply Co., 617 S.W.2d at 190. 
          Durst’s contention, that a docket-control, or scheduling, order will trump a
signed order by a trial court that dismisses a case for want of prosecution, conflicts
with settled law holding that a dismissal for want of prosecution, although not an
adjudication on the merits, Dick Poe Motors, Inc., 169 S.W.3d at 485; Melton, 727
S.W.2d at 303, constitutes a final, appealable judgment that triggers the deadlines of
rule 329b. Stewart, 870 S.W.2d at 20; see In re Bokeloh, 21 S.W.3d at 790–91; In re
Wal-Mart Stores, Inc., 20 S.W.3d at 738.
Cause No. 01-05-00439-CV—Mandamus to Correct Void Order
          This Court has jurisdiction to grant mandamus relief against a district-court
judge pursuant to section 22.221(b)(1) of the Government Code. Tex. Gov’t Code
Ann. § 22.221(b) (1) (Vernon 2004). We may grant relief when the petitioner
seeking mandamus relief establishes that the trial court committed a clear abuse of
discretion, for which the petitioner has no adequate remedy by appeal. In re Ford
Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (citing In re Prudential Ins. Co of Am.,
148 S.W.3d 135–36 (Tex. 2004)). It is well-established that mandamus will issue to
correct a trial court that abuses its discretion by issuing an order that is void due to
lack of jurisdiction. See In re Union Pac. Res. Co., 969 S.W.2d at 428; Mapco, Inc.,
795 S.W.2d at 703; Dikeman, 490 S.W.2d at 186; In re Bokeloh, 21 S.W.3d at 793;
In re Wal-Mart Stores, Inc., 20 S.W.3d at 738; see also Reiss v. Reiss, 118 S.W.3d
439, 443 (Tex. 2003) (“Jurisdiction refers to a court’s authority to adjudicate a
case.”); State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1985) (defining
“void judgment” as resulting from trial court’s (1) lack of jurisdiction over either the
parties or the subject matter, (2) lack of jurisdiction to enter the judgment, or (3) lack
of capacity to “act as a court”). Errors that render a judgment merely voidable, as
opposed to void, may be corrected through the customary appellate process or other
proceedings. See Reiss, 118 S.W.3d at 443. 
          Having concluded that the trial court lost plenary power over the May 24, 2004
final, appealable order dismissing Durst’s case for want of prosecution on June 23,
2004, we sustain Wolcott’s sole issue and conditionally grant mandamus relief to set
aside the orders issued by the trial court after June 23, 2004, on the grounds that the
trial court lacked jurisdiction to issue those orders.
Cause No. 01-05-00228-CV
          We conclude that we lack jurisdiction to address Wolcott’s appeal in Cause No.
01-05-00228-CV. As held above, the trial court’s actions after June 23, 2004 are void
because the trial court lost plenary power on that date. See State ex rel. Latty, 907
S.W.2d at 486; Mapco, Inc., 795 S.W.2d at 703; Dikeman, 490 S.W.2d at 186; In re
T.G., 68 S.W.3d at 177; In re Bokeloh, 21 S.W.3d at 793. Although a party affected
by void judicial action need not appeal, if a party appeals, as Wolcott has here, we
may declare that the orders void. State ex rel. Latty, 907 S.W.2d at 486; In re T.G.,
68 S.W.3d at 177. We must, however, dismiss the appeal. State ex rel. Latty, 907
S.W.2d at 486; In re T.G., 68 S.W.3d at 177.
          Accordingly, we dismiss Wolcott’s appeal in Cause No. 01-05-00228-CV for
lack of jurisdiction. 
Cause No. 01-05-00438-CV—Petition for Writ of Habeas Corpus
          Wolcott’s petition for a writ of habeas corpus is premised on an order of
contempt signed by the trial court on April 15, 2005. Having concluded, in
addressing Wolcott’s petition for writ of mandamus in Cause No. 01-05-00439-CV,
that all rulings by the trial court after June 23, 2004 are void, because the trial court
lost plenary power over the case on that date, we dismiss Wolcott’s petition for a writ
of habeas corpus as moot and lift our stay order of July 1, 2005. 
Conclusion
          We dismiss the appeal in Cause No. 01-05-00228-CV for want of jurisdiction. 
In Cause No. 01-05-00439-CV, we conditionally grant mandamus relief by directing
the trial court to vacate its orders issued in this cause after June 23, 2004, when the
trial court’s plenary power expired. The parties are returned to the positions they held
before the order of dismissal for want of prosecution issued. We are confident that
the trial court will comply with our order; we will issue the writ only if the trial court
does not comply. In Cause No. 01-05-00438-CV, we lift our stay order of July 1,
2005, and deny the request for habeas corpus relief as moot. We deny all pending
motions as moot.
 
Elsa Alcala
Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.